## J. H. GADDY V. FIRST NATIONAL BANK OF BEAUMONT.

No. 4012.   Decided April 7, 1926.

(283 S. W., 472.)

**Garnishment—Exemption—Injured Workman's Compensation — Deposit in Bank.**

Money recovered and paid to an injured employe under the Workmen's Compensation Law continues exempt from garnishment while remaining intact and not mixed with other funds, though deposited in a bank and garnisheed in its hands by a creditor. (Rev. Stats., 1911, Art. 5246, Subd. 3.)   (Pp. 396-400.)

Error to the Court of Civil Appeals for the Ninth District, in an appeal from Jefferson County.

Gaddy sued out garnishment against the bank on a debt owing by Lee, a depositor, who claimed exemption. The exemption was sustained and on appeal the judgment was affirmed (283 S. W., 277.   But the question was certified to the Supreme Court pending a motion for rehearing.   The case was referred to the Commission of Appeals, Section B, for their opinion, but subsequently withdrawn from the Commission and here determined by the Supreme Court.

*A. Ludlow Calhoun,* for appellant.

Compensation insurance under the Workmen's Compensation Act of Texas is exempt from garnishment, attachment, judgment and all other suits or claims, so long as same is in the hands of the insurance company or in the process of payment; but after it comes into the hands of the party entitled thereto, it loses such exemption as a matter of law.   Art. 5246-3, Vernon's Sayles, Texas Civ. Stat., 1918 Supp.; Mitchell v. Western Casualty & Guaranty Ins. Co., 163 S. W., 630; Davidson v. Logeman Chair Co., 41 S. W., 824; 28 C. J., pp. 151, 171; 25 C. J., pp. 77, 78; St. Joseph Mfg. Co. v. Miller, 34 N. W., 235; 11 R. C. L., 525, 526; McIntosh v. Aubrey, 46 U. S. L. Ed., 824; Recor v. Recor, 5 L. R. A. (N. S.), 472, 106 N. W., 82; Cranz v. White, 41 Am. Rep., 408; 17 Ann. Cas., 1193 (note) ; Dyer v. City of Melrose, 34 L. R. A. (N. S.), 1215; Bull v. Case, 59 N. E., 301; Martin v. Martin, 58 N. E., 230; Hathorn & Robinson, 51 Atl., 236; Lee v. Implement Co., 222 S. W., 283.

*Smith, Crawford & Foster, B. F. Pye, Howth & O'Fiel* and *Lamar Hart,* for appellee, cited:   Ward v. Goggan, 4 Texas Civ.

App., 274, 23 S. W., 479; Cameron v. Fay, 55 Texas, 59; Schnei-der v. Bray, 59 Texas, 668; Rutter v. Shumway, 16 Colo., 95, 26 Pac., 321; Marquardt v. Mason, 87 Iowa, 136, 54 N. W., 72; Hissem v. Johnson, 27 W. Va., 644; Dodd & Co. v. Thompson, 63 Ga., 393; Hanley v. O'Donald, 30 Pa. St., 261; Robb v. Brewer, 60 Iowa, 539; Musgrave v. Parish, 11 S. W., 464; Diamond v. Palmer, 79 Iowa, 578, 44 N. W., 819; Bridgers v. Howell, 27 S. C., 425, 3. S. E., 790; Countryman v. Countryman, 28 N. Y. Supp., 258; 18 Cyc., 1380, par. 3.

MR. JUSTICE PIERSON delivered the opinion of the court.

This case was referred to Section B of the Commission of Appeals and an opinion was reported. The case, however, was withdrawn from the Commission, and was taken under sub-mision by this Court.

After a careful review of the opinion of the Honorable Court of Civil Appeals for the Ninth District, of date March 30, 1923, not yet reported, and after again reviewing the opinion pre-pared and reported to us by Judge Powell of Section B of the Commission of Appeals, we are satisfied that the conclusion reached by those courts is a correct one.

With a few minor omissions, Judge Powell's opinion is as follows:

"This cause is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals of the Ninth District:

"The above entitled and numbered cause was brought to this court by appeal from a judgment of the County Court at Law of Jefferson County, and judgment of the lower court was, at a former day of the present term of this court, affirmed. Appellant thereafter filed in this court a motion for rehearing, which motion is still pending and undisposed of. While the amount involved in the appeal is small, we think the legal point involved is one of importance, and in so far as we are aware has not been decided by any appellate court in this State, and for these reasons we have concluded to certify to the Supreme Court the following statement of the pleadings and evidence on the point involved, and respectfully request the Honorable Supreme Court to answer the question accompanying same.

"The appellant, J. H. Gaddy, filed this suit in one of the Justice Courts of Jefferson County against George Lee for a claimed indebtedness of $95.20, and recovered judgment in Justice Court for $57.20. Gaddy appealed from that judg-ment to the County Court at Law of the county, and there recov-

ered judgment for $95.20, together with interest, totaling $105.34. Pending the suit, Gaddy sued out a writ of garnishment against the First National Bank of Beaumont, as garnishee. The bank answered admitting that at the time the writ of garnishment was served upon it Lee had on deposit in the bank money in amount exceeding the indebtedness sued for by Gaddy, but alleged in its answer that Lee had notified the bank that the money on deposit there was money which had been awarded to him as compensation under the Workmen's Compensation Act of Texas for injuries which had been sustained by him as an employe of a subscriber under the act. The bank further' answered that it had no other effects of Lee in its possession and that it did not know of any other person or persons indebted to Lee or who had in their possession any effects belonging to Lee, and prayed that Lee be made a party to the garnishment proceeding. Lee answered in the garnishment suit and adopted the answer of the garnishee. Judgment was rendered in the Justice Court in the garnishment proceeding to the effect that Gaddy take nothing, that court holding that the money on deposit in the garnishment bank was money awarded to and received by Lee as compensation for personal injuries under the Workmen's Compensation Act of Texas, and for that reason not subject to garnishment. Gaddy appealed from this judgment to the County Court at Law, and that court rendered judgment against him in the garnishment proceeding, and he was allowed to take nothing in that proceeding for the reason that the money in the hands of the garnishee bank was compensation which had been awarded to and received by Lee as an employee of a subscriber under the Workmen's Compensation Act of Texas, and that, therefore, such money was not subject to the writ of garnishment. At a former day of this term we affirmed the judgment of the County Court at Law.

"The following are the agreed facts in the case:

" 'It is agreed that the defendant, George Lee, was injured in an industrial accident and was entitled to compensation under the Workmen's Compensation Act of the State of Texas, some time on or about the first of April, 1920, in which accident he suffered the loss of an arm and sustained other injuries, and that some time on or about the 19th of April, 1921, the defendant, George Lee, deposited or had placed to his credit in the First National Bank of Beaumont, Texas, approximately the sum of $3,000 which was awarded to and received by him in settlement of the liability of the insurers on account of the injuries above described, and that the same was paid to him at the end of the

case where the liability of the insurance company or carriers was contested, and that part of said sum of approximately $3,000 represented compensation payments which accrued to him between the date of injury, some time about the first of April, 1920, and the date he received the check on or about April 19, 1921, and part of said check of approximately $3,000 represented compensation payments which would have accrued to him in the future, it being agreed that the injuries received by the said George Lee were of such a character as would have entitled him to compensation for total disability, or for compensation payments for a period of 401 weeks after the date of said accident some time about April 1, 1920, and that the said George Lee did not have any money in said bank prior to depositing the said sum of approximately $3,000 on or about the 19th of April, 1921, and did not add any other sums to the said sum of approximately $3,000, and that the fund for approximately $3,000 was the actual moneys paid him by way of compensation on account of the injuries sustained by him, and to which he was entitled as compensation under the Workmen's Compensation Act of the State of Texas.'

" 'Upon the pleadings and agreed facts, as we have stated them, was this court in error in its holding that the trial court's judgment should be affirmed?'

"The Article of our statutes, now under construction, reads as follows:

" 'The employes of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased employes shall have no right of action against such subscribing employer for damages for injuries resulting in death, but such employes and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for; provided that all compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void.'

"It is contended by counsel for appellant that this Article should be construed as follows:

" 'Compensation insurance under the Workmen's Compensation Act of Texas is exempt from garnishment, attachment, judgment, and all other suits or claims, so long as same is in the hands of the insurance company or in the process of payment;

but after it comes into the hands of the party entitled thereto, it loses such exemption as a matter of law.'

"The statute itself includes no such limitations as contended for by counsel aforesaid. But, they say it should be so construed, and such limitations so added to the statute, because of constructions heretofore given by the courts to the Current Wage Law, the Homestead Exemption Law, and the Federal Pension Statute. They cite no case in point under a compensation act.

"The Court of Civil Appeals has written a strong opinion in this case, which we assume will be published later in the Southwestern Reporter. In this opinion, the court answers the contentions of counsel for appellant. We do not think it necessary to repeat here, at least at any length, what has been said by that court. We merely refer to a copy of that opinion accompanying the certified question propounded.

"As so well stated by the Court of Civil Appeals, the language employed in this exemption statute is all inclusive and has no such limitations as appear in other statutes discussed by it. The compensation act states that *all* compensation allowed thereunder shall be exempt. It does not state that *current* compensation only shall be exempt. Furthermore, the act does not declare that the exemption shall terminate the minute the employe receives the money, or a few days thereafter or six months thereafter. It says the compensation shall be exempt. If the Legislature had intended to limit the period of exemption, it could very easily have so stated. It did not do so. We are unwilling to amend their own act by inserting therein the limitation here contended for, particularly when such amendment thereto would practically destroy the beneficial effect of the exemption.

"If the exemption shall obtain only until the employe receives the compensation, it would never benefit him. He cannot use it, because non-assignable, until he actually collects it. Then, if, at that very minute, it is subject to debts and legal writs, there would not be a minute when he could call it his own. He would really have no exemption. Under such an amendment, an employee could perhaps bury his money in the ground or hide it away in his hose or dresser drawer. But, he could not bank it as its better protection would require. Under the theory advanced by counsel for appellant, no chance would be given an employe to pay his debts and current expenses during his disability. If the fund be subject to garnishment the instant it reaches his possession or that of his bank, then it could be taken

away before the employe could pay any debts he might owe or buy necessaries and supplies for himself.

"In this case, we think the Act itself is entirely clear.  Where this is true, from the very language employed, it is not necessary or proper to add to or subtract from the statute.  But, if the intention of the Legislature had not been made perfectly clear by the statute already quoted, and now under construction, then it is made more so by the following article along similar lines:

" 'The compensation provided for in the foregoing section of this Act shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband and the minor children, without regard to the question of dependency, dependent parents and dependent grandparents and dependent stepmothers and dependent children or dependent brothers and sisters of the deceased employe, and the amount recovered thereunder shall not be liable for the debts of the deceased nor for the debts of the beneficiary or beneficiaries and shall be distributed among such beneficiaries as may be entitled to same as hereinbefore provided according to the laws of descent and distribution of this State; and provided such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of the State, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary. And the compensation provided for in this Act shall be paid weekly to the beneficiaries herein named and specified, subject to the other provisions of this Act.'

"In this last Article it is provided that amounts collected or recovered by heirs of a deceased employe shall not be subject to the debts either of the deceased employe or the beneficiaries. It is manifest, therefore, that under this Article, an heir could hold compensation recovered, and in hand, against debts.  The Legislature intended to provide, as it did in express language, that all compensation should be free from debts or claims such as we have in the case at bar, whether received by an injured employe himself or his beneficiaries after his death.

"The lawmakers in this matter have created a sacred fund and set it aside for the exclusive benefit of the injured employe and his dependents.  As long as he keeps it apart from his other

funds, it is not subject to his debts. This was a very wise provision of our statute. It provides a cash method of *maintenance* for employes during their disability, whether such disability be temporary or permanent. It also provides cash for food and shelter for the widow and orphans when the employe has passed away because of injuries received in the course of his employment. When a man is down and unable to work, it is practically essential that he have this help. It must be his and not subject to the claims of his creditors. If his creditors be permitted to take this compensation, the employe would be penniless, and that, too, at a time when he could not work. The Legislature evidently desired to provide against such a situation and they have very wisely done so in unmistakable language, as we construe it. It is a humanitarian statute and a creditor must collect from some other source of income of his debtor or some other portion of his assets, if any he has. If all he has is the mere pittance allowed him under the compensation act, then while he is unable to work, as he is while receiving compensation, he must not be disturbed in the possession of such compensation.

"It was but natural that the Legislature should have employed broader language in exempting compensation of disabled employes than they used in exempting current wages of well men. A man on his feet and able to go is protected only in current wages. But, a man disabled and unequal to his usual work, needs exemption in all his compensation, because it is paid only during his disability. Even then, he must live on only sixty per cent of what he would be earning as wages. This is most beneficent exemption legislation and should be liberally construed in favor of the employe. As said in 18 Cyc., p. 1380:

" 'By an all but universal rule the statutes which create or give the right of exemption to a debtor are held subject to the rule of liberal construction. Indeed it would be more proper to say that they are generally subjected to the most liberal construction which the courts can possibly give them, the courts taking the ground that, since the statutes have a beneficial object, it is their first duty to see that this object is accomplished.'

"We have found no case construing a statute of this kind contrary to our views. Our Texas statute is broad and clear to us. We have no doubt as to the intention of the Legislature in its enactment, as manifested by the exact language employed. When that intention is clear, it is for the courts to enforce it. As this Section of the Commission of Appeals has heretofore said, the

courts have nothing to do with the wisdom or unwisdom of legislation where its meaning is clear.

"We are of the view that the Court of Civil Appeals correctly affirmed the judgment of the County Court at Law in this case. Therefore, we recommend that the question certified be answered in the negative."

The proposition of appellant upon which, as he says in his brief, he predicates his appeal is as follows:

"Compensation insurance under the Workmen's Compensation Act of Texas is exempt from garnishment, attachment, judgment and all other suits or claims, so long as same is in the hands of the insurance company or in the process of payment; but after it comes into the hands of the party entitled thereto, it loses such exemption as a matter of law."

The Compensation Act provides for monthly payments to the disabled employe. This is based upon his monthly wages and intended to enable him to live during his disability. The Act further provides that under certain circumstances and facts a lump sum may be paid covering his entire disability. Likewise this is for the purpose of enabling him to live during his disability.

The agreed facts disclose that the fund was entirely intact, not being mixed with other funds, was deposited in the bank upon receiving it, and its integrity and identity as compensation allowed under the Compensation Act was unimpaired.

The answer as made will be certified to the Honorable Court of Civil Appeals.