

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. B. Draper, Chief
Driver's License Division
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-5340
Re: Construction of Article
6687B, Section 24, para.
4, Vernon's Annotated Stat-
utes, with reference to sus-
pension of license of any
person convicted but not
actually driving motor ve-
hicle at time of the acci-
dent.

Your request for our opinion on the hereinabove
captioned matter has been received by this department. We
quote from your letter as follows:

"Article 6687b, Sec. 24, of the Penal Code
of the State of Texas states that 'the license
of any person shall be automatically suspended
upon final conviction of any of the following of-
fenses.' Paragraph 4 states that 'a conviction of
a driver of a motor vehicle involved in an acci-
dent or collision, upon a charge of failure to
stop, render aid, and disclose his identity at the
scene of said accident or collision'.

"Should the above mentioned section apply
to any person convicted but not actually driving
the motor vehicle at the time of the accident?"

Section 24 of Article 6687b, Vernon's Annotated Civil
Statutes, in part, reads as follows:

"(a) The license of any person shall be
automatically suspended upon final conviction of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. B. Draper, page 2

any of the following offenses:

". . .."

"4. A conviction of a driver of a motor vehicle involved in an accident or collision, upon a charge of failure to stop, render aid, and disclose his identity at the scene of said accident or collision."

Article 1150, Penal Code, reads as follows:

"Whenever an automobile, motorcycle or other motor vehicle whatsoever, regardless of the power by which the same may be propelled, or drawn, strikes any person or collides with any vehicle containing a person, the driver of, and all persons in control of such automobile, motor vehicle or other vehicle shall stop and shall render to the person struck or to the occupants of the vehicle collided with all necessary assistance including the carrying of such person or occupants to a physician or surgeon for medical or surgical treatment, if such treatment be required, or if such carrying is requested by the person struck or any occupant of the vehicle collided with; and such driver and person having or assuming authority of such driver shall further give to the occupant of such vehicle or person struck, if requested at the time of such striking or collision or immediately thereafter, the number of such automobile, motorcycle or motor vehicle, also the name of the owner thereof and his address, the names of the passenger or passengers not exceeding five in each automobile or other vehicle, together with the address of each one thereof. Any person violating any provision of this article is punishable by imprisonment in the penitentiary not to exceed five years or in jail not exceeding one year or by fine not exceeding five thousand dollars, or by both such fine and imprisonment."

It will be observed that while Article 1150 provides not only for the conviction of the driver of a motor vehicle who fails to stop and render aid, but also for the conviction of all persons in control of such motor vehicle.

Honorable J. B. Draper, page 3

while Section 24 and its subsection 4 only provide for the automatic cancellation of the license of the <u>driver</u> of a motor vehicle upon final conviction for failure to stop and render aid.

Where a statute, civil or criminal, is expressed in plain and unambiguous language, and its meaning is clear and obvious, there is no room for construction. Gaddy v. First National Bank of Beaumont, 115 Tex. 393, 283 S.W. 472; Sparks v. State, 79 Crim. Rep. 263, 174 S. W. 351. Since the language found in subsection 4 is plain, clear, unambiguous, and specifically mentions only <u>drivers of motor vehicles</u>, there is no room for construction.

It is therefore our opinion that your question should be answered in the negative and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 8, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By

J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

JCD:db



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN