

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 31, 1960

Mr. J. T. Ellis, Jr.
Administrator
Department of Health
Austin, Texas

Opinion No. WW-954

Re: The definition of "institu-
tion" as used in House Bill
609, 53rd Legislature, amend-
ed by Senate Bill 121, 56th
Legislature, and codified as
Article 4442c of Vernon's
Civil Statutes.

Dear Mr. Ellis:

In your letter of recent date you requested our
opinion on the following questions:

"1. If an 'institution' furnishes food
and shelter to four or more persons unrelat-
ed to the proprietor and also furnishes minor
medical treatment or services which meet some
need beyond the basic provision of food, shel-
ter and laundry to only one of the four or
more persons, is such an 'institution' liable
for licensing?

"2. May an 'institution' provide minor
medical treatment or services which meet some
need beyond the basic provision of food, shel-
ter and laundry to as many as three persons
unrelated to the proprietor and also admit
other persons to the 'institution' who are pro-
vided only room, board and laundry without
securing a state license under the nursing and
convalescent home licensing law?"

Section 2(a) of Article 4442c of Vernon's Civil
Statutes reads in part as follows:

"'Institution' means an establishment
which furnishes (in single or multiple facili-
ties) food and shelter to four (4) or more
persons unrelated to the proprietor, and,

in addition, provides minor treatment under the direction and supervision of a physician licensed by the Texas State Board of Medical Examiners, or services which meet some need beyond the basic provision of food, shelter, and laundry. . . ."

In the quoted portion of said Section 2(a) two qualifications are set out which must be met before an establishment is considered an "institution" and thus covered by the enactment in question. The first of these qualifications is simply that the establishment furnish food and shelter to at least four persons who are unrelated to the proprietor. The second qualification is, in substance, that the establishment also provide minor medical treatment under the supervision of a physician, or some services which meet some need beyond the basic provision of food, shelter and laundry. The minimum of four requirement applicable to the first said qualification is not expressly made applicable to the second said qualification and it is our opinion that such a limitation should not be read into the statute, Gaddy v. First Nat'l. Bank of Beaumont, 115 Tex. 393, 283 S.W. 472 (Apr. 7, 1927). In answer to your first question, an institution which furnishes food and shelter to four or more persons unrelated to the proprietor and also furnishes minor medical treatment under the supervision of a physician or services which meet some need beyond the basic provision of food, shelter and laundry to only one of the four or more persons must be licensed under the statute in question. In answer to your second question, an institution that provides such minor medical treatment or services which meet some need beyond the basic provision of food, shelter and laundry to as many as three persons unrelated to the proprietor and also admits other persons to the institution who are provided only room, board and laundry must be licensed under the statute in question.

## S U M M A R Y

An establishment, except hospitals and other establishments specifically excepted from the statute in question, which furnishes food and shelter to four or more persons, unrelated to the proprietor, and, in addition, provides minor treatment under the direction and supervision of a physician licensed by the Texas State

Board of Medical Examiners, or services which meet some need beyond the basic provision of food, shelter and laundry is an "institution" under Article 4442c, Vernon's Civil Statutes, regardless of the number of persons receiving such minor medical treatment or such other services.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Joe B. McMaster
Assistant

JBM:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Raymond V. Loftin, Jr.
Ben M. Harrison
Iola B. Wilcox
F. C. Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore