

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 12, 1966

Honorable James O. Gerst          Opinion No. C-655
Commissioner
Savings and Loan Department
1010 Lavaca Street
Austin, Texas                     Re:  Whether a financial
                                       institution not re-
                                       gulated by the Sav-
                                       ings and Loan Depart-
                                       ment may use the name
                                       "Savings" as part of
Dear Mr. Gerst:                        its name.

        Your letter requesting the opinion of this office
on the questions stated therein provided the following
facts:

        (1).  A business organization was licensed
        to do business under the Texas Regulatory
        Loan Act by the name of "Savings Finance Com-
        pany".

        (2).  A business organization is doing
        business in Texas under the name of "Baptist
        Building Savings, Inc."

Included with your inquiry was a letter from Savings
Finance Company and an advertisement of Baptist
Building Savings, Inc. You then make the following
statement and inquiry of our office:

        "It has been the policy of this Depart-
        ment that the use of the word 'savings' in
        connection with a financial institution not
        regulated by this Department is misleading
        to the public and prohibited by the Statutes.
        Your opinion is respectfully requested as to
        whether or not the use of the word 'savings'
        as herein outlined constitutes a violation
        of the Savings and Loan statutes or any other
        applicable statutes or law".

-3169-

Pertinent to the determination of the question which you have propounded is the portion of Article 852a, Section 2.12, Vernon's Civil Statutes (Texas Savings and Loan Act) which provides as follows:

". . . No person, firm, company, association, fiduciary, partnership or corporation, either domestic or foreign, unless authorized to do business in this State under the provisions of this Act shall do business under any name or title which indicates or reasonably implies that the business is the character or kind of business carried on or transacted by an association or which is calculated to lead any person to believe that the business is that of an association. Upon application by the Commissioner or any association, a court of competent jurisdiction may issue an injunction to restrain any such entity from violating or continuing to violate any of the foregoing provisions of this Section."

The prohibition stated is inclusive of all business enterprises and not just financial institutions. The intentions of the Legislature in enacting this statute are quite clear and apparent. Because of the quasi-public character of savings and loan associations, it was deemed necessary to protect the public welfare by subjecting the companies to supervision and regulation by a State agency. The statutes also protect the industry by eliminating completely unrestrained and unlawful competition. Brazosport Savings and Loan Association v. American Savings and Loan Association, 161 Tex. 543, 342 S.W. 2d 747 (1961). Thus, the Legislature not only prohibited the unauthorized conduct of the business of a savings and loan association but it also prohibited the use of a name by a business, which might reasonably imply that such enterprise is of the same character and kind as that of a savings and loan association.

In order to resolve the inquiry which you have propounded, it becomes necessary to determine whether

or not the word "savings" alone, regardless of other portions of a name, would engender a sufficient connotation or description of the savings and loan industry so as to be misleading to the general public. For several reasons we are of the opinion that the usage of the word "savings" in a name does not per se imply that the business is that of a savings and loan association or will mislead the public to so believe.

First, neither Article 852a nor any other statute which we considered provides for such prohibition per se. Rather, Section 2.12 sets forth two standards for determining whether or not a name, which may or may not include "savings", would be improper and prohibited. If the name or title reasonably implies that the business is the character or kind carried on or transacted by a savings and loan association or if the name is calculated to lead any person to believe that the business is that of a savings and loan association, then that name may be prohibited and enjoined from usage by the savings and loan commissioner by appropriate action.

Secondly, when asked about the usage of the word "bank" in a corporate name, our office held in Attorney General Opinion R-2076 that even though Article 342-902 of Vernon's Civil Statutes specifically prohibited the usage of that term when an enterprise was not conducting a banking business and/or was not authorized to do so under the banking statutes, the usage of the word "bank" was not per se prohibited but was dependent upon the facts of the situation. That determination is also controlling over the present situation, especially since the Savings and Loan Act does not carry any specific prohibition of the usage of the word "savings".

As the inquiry which you have propounded evolves into a question of fact, your office is the proper authority to make this determination. As a means of assistance in your determination, we would state that the usage of generic terms or other descriptive terminology in the names, such as Savings Insurance Company or Savings Drug Store would tend to alleviate any misrepresentation to or misleading of the public.

There has been some question as to whether or not the proscription of this statute is sufficient when the word "savings" is not used in conjunction with "association"

or "loan association". We are of the opinion that "association" or "loan association" are not necessary parts of a name before the prohibition of Article 852a is effective. We are of this mind because the statute does not exclude usage of only such word combinations and because the intention of the Legislature is quite clear and apparent on its face. Therefore, to interpret the statute to prohibit names with only these word combinations would be to subvert the obvious, plain and clear intent of the Legislature. When the intent of a statute is plainly expressed in its language, it must be given effect without attempting to construe or interpret the law. 53 Tex. Jur. 2d 182, Sec. 125. Gaddy v. First National Bank, 115 Tex. 393, 283 S.W. 472 (1926). Central Education Agency v. Independent School District, 152 Tex. 56, 254 S.W. 2d 357 (1953).

## S U M M A R Y

The use of the word "Savings" by a business, that is not regulated by the Savings and Loan Department, as part of its name or title, is not per se prohibited by Article 852a, Vernon's Civil Statutes; but whether the use of such word in its name or title would indicate or reasonably imply that the business is the character or kind of business carried on or transacted by a savings association or which is calculated to lead any person to believe that the business is that of a savings association is a question of fact, to be determined by the Savings and Loan Department.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

HARRY GEE, JR.
Assistant Attorney General

HG:jh

Honorable James O. Gerst, page 5 (C-655)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
James Strock
Ronald Luna
John Fainter
Sam Kelley

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright