

# The Attorney General of Texas

January 14, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905
915/533-3484

1 Dallas Ave., Suite 202
 ston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth. Suite B
McAllen. TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Curtis Tunnell
Acting Director
Texas Historical Commission
P. O. Box 12276
Austin, Texas    78711

Opinion No. MW-423

Re:    Appropriation    to    Texas
Historical    Commission    for
museum grants

Dear Mr. Tunnell:

Your predecessor in office has asked several questions concerning an appropriation to the Texas Historical Commission for museum grants. Section 16A of article 6145, V.T.C.S., provides as follows:

> Sec. 16A.   The Commission may make grants of funds given or appropriated to it for that purpose to museums honoring fire fighters and their work. This authorization shall extend to August 31, 1983.

Your questions concern the following item of appropriation found in the current General Appropriations Act:

TEXAS HISTORICAL COMMISSION

For the Years Ending

| | August 31, 1982 | August 31, 1983 |
|---|---|---|
| 3.   Field and Museum Consultation: | | |
| c.   Museum Grants | 50,000 | U.B. |

Acts 1981, 67th Leg., ch. 875 at 3424. The following riders refer to this item of appropriation:

> The Texas Historical Commission shall make grants from Item 3.c. as provided by Section 16A of Article 6145 in amounts totalling $50,000 for the 1982-1983 biennium.

> It is legislative intent that funds appropriated above for item 3.c. Museum Grants are for the 1982-1983 biennium only and the Historical Commission will not request funds for this purpose in the future.

You first ask whether this item of appropriation violates article XVI, section 6 and article III, sections 51 and 52 of the Texas Constitution. These provisions prohibit the grant of public money to individuals or associations. They do not, however, prevent the use of public funds to accomplish a public purpose, even though a private person may be incidentally benefitted. See, e.g., Barrington v. Cokinos, 338 S.W.2d 133 (Tex. 1960); Attorney General Opinions MW-89 (1979); H-1260 (1978). When the state seeks to accomplish a public purpose by granting funds to a private entity, it must maintain adequate control over the use of the funds to see that the public purpose is achieved. Attorney General Opinions MW-89 (1979); H-1309 (1978); H-912 (1976).

We believe the Texas Historical Commission may constitutionally make grants pursuant to section 16A of article 6145, V.T.C.S. A prior opinion of this office held that appropriated funds may be used to fund cultural programs for Texas neighborhoods and communities. Attorney General Opinion M-531 (1969). The opinion found a public purpose in creating awareness of the fine arts among members of the public. We believe that the support of museums also constitutes a public purpose in that it helps to educate the public about such subjects as history, economics, and anthropology. We note that the legislature has authorized governmental entities to own and maintain museums. See V.T.C.S. arts. 2372d; 6081e; 6145.1; Attorney General Opinion H-1170 (1978). Cf. Attorney General Opinion MW-60 (1979) (county may contribute public funds to zoo operated by nonprofit corporation). Any grants made pursuant to section 16A of article 6145 must of course be subject to conditions to ensure that a public purpose will be served. A grant made without such controls would violate the constitution. The commission may provide control by contract entered into with the grantee. See V.T.C.S. art. 6145, §21; Attorney General Opinion MW-60 (1979).

You next ask whether the $50,000 appropriation may be allocated only to the Fire Museum of Texas located in Grand Prairie, or whether it may also be allocated to other museums in Texas which have exhibits honoring fire fighters and their work. Section 16A of article 6145, V.T.C.S., gives the commission discretion to grant funds "to museums honoring fire fighters and their work." The class of potential grantees is not limited to a single museum. The appropriation act states that the $50,000 appropriation shall be used as provided in section 16A of article 6145. We find no indication in the language of the appropriations act that the grant may be made only to a specific identified museum. Where the language of a statute is clear, it will

be given effect according to its terms. <u>Gaddy v. First National Bank of Beaumont</u>, 283 S.W. 472 (Tex. 1926). Where there is no ambiguity in the statute, there is no occasion to examine legislative proceedings. <u>Gibbs v. United States Guarantee Company</u>, 218 S.W.2d 522 (Tex. Civ. App. - Austin 1949, writ ref'd). Your request letter states that a legislator proposed to the House Appropriations Committee that the entire $50,000 be allocated to the Fire Museum of Texas located in Grand Prairie. Letters submitted to us in connection with this request also demonstrate that the needs of the Fire Museum were presented to members of the legislature. However, there is no indication in the language of the appropriations act that the $50,000 appropriation is to be limited to a single recipient. Thus, we cannot conclude that the legislature in approving the appropriations act intended this sum to be granted in its entirety to the Fire Museum of Texas. The Historical Commission may allocate these funds to any Texas museum or museums honoring fire fighters and their work.

You finally ask whether the commission in making a grant pursuant to section 16A of article 6145 may require some type of stewardship, such as a condition that the state would be reimbursed for grants made in case the institution closed within a specified period of time. As indicated in answer to your first question, we believe the commission should attach conditions to such grants to ensure achievement of the public purpose for which the grant is authorized. The condition you describe would require the museum to remain open long enough for the public to receive a benefit commensurate with the grant of public funds. We do not address the question of what constitutes a reasonable time period; however, we believe the commission has discretion to attach such a condition to the receipt of a grant.

### S U M M A R Y

The legislature may constitutionally authorize the use of public funds for grants to museums honoring fire fighters and their work. The appropriation made to the Texas Historical Commission for that purpose may be allocated to Texas museums honoring fire fighters and their work and is not restricted to a single grantee. The constitution requires that the Texas Historical Commission attach conditions to the grant to ensure that the public purpose for which it is authorized is carried out.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger