MERCHANTS BANK (ORIGINAL PARTY PLAINTIFF), AND A. J. POLLARD,
   ASSIGNEE OF THE MERCHANTS BANK (ADDITIONAL PARTY PLAINTIFF),
   v. C. H. WEAVER AND B. K. FOX.

(Filed 15 June, 1938.)

1. **Banks and Banking § 7a—**

   When a general deposit is made in a bank, title to the money passes
   from the depositor to the bank, forming a general fund for the payment
   of depositors, and the depositor owns a credit account with the bank
   under the relation of debtor and creditor.

2. **Execution § 3—Conceding that money from particular fund is exempt,
   upon deposit thereof, credit account with bank is subject to execution.**

   Conceding that money received by a judgment debtor through the North
   Carolina Industrial Commission from the Insurance Fund of the State of
   New York as compensation for permanent disability for injury received
   while the debtor was employed in the State of New York is exempt from
   execution in supplemental proceedings in this State, when the debtor
   makes a general deposit of money so received, the credit account with the
   bank is subject to execution.

3. **Courts § 11—**

   Laws of another State in regard to exemption of personal property from
   execution have no extra-territorial effect and are not controlling in regard
   to personal property within this State, since an exemption relates to the
   remedy and is subject to the law of the *forum.*

APPEAL by defendant C. H. Weaver from *Ervin, Special Judge,* at
February Term, 1938, of DURHAM. Affirmed.

This is a proceedings supplemental to execution instituted by the
plaintiff, A. J. Pollard, upon a judgment against the defendant, C. H.
Weaver, in which said defendant's deposit account in the Bank of
Chapel Hill in the sum of $1,136.69 was attached or seized.

The plaintiff, Merchants Bank, procured a judgment against the de-
fendants in the sum of $500.00 and costs, which judgment was duly
docketed in Durham County. The liquidating agent of the Merchants
Bank, for a valuable consideration, transferred and assigned said judg-
ment to A. J. Pollard. Pollard had a transcript of said judgment
docketed in Orange County and procured the issuance of execution to
said county. He likewise instituted proceedings supplemental to execu-
tion, and notice was issued to the Bank of Chapel Hill under the statute.
Upon its being made to appear to the clerk that the defendant had a
credit account with said bank in the sum of $1,136.69, the clerk issued
an order requiring the said bank to pay said sum into the office of the
clerk and directing that all of said sum in excess of $500.00, personal
property exemption, be paid to the judgment creditor as a credit on said
judgment.

On appeal, it appearing that the defendant claimed that said deposit account was exempt from execution or seizure for that it was a part of the proceeds of a settlement received by him from the Industrial Commission of the State of New York under an award to him. for permanent disabilities, which award under the laws of the State of New York is exempt from all claims of creditors, the Judge found the facts in respect thereto and adjudged that said credit account is subject to execution and attachment in this proceedings. It was thereupon ordered that the Bank of Chapel Hill pay over to the defendant, C. H. Weaver, as his personal property exemption the sum of $500.00 and that the said bank pay over the remaining portion of the fund to the clerk of the Superior Court of Durham County, to be applied on the judgment in this cause. To said judgment the defendant excepted and appealed.

*Forrest A. Pollard for plaintiff, appellee.*
*H. A. Whitfield and S. M. Gattis, Jr., for defendant, appellant.*

BARNHILL, J. The defendant, in 1930, while temporarily residing in the State of New York and while engaged in industrial employment as a mechanic for the General Motors Corporation, suffered personal injury, resulting in a permanent disability. He was awarded compensation for said injury by the Industrial Commission of the State of New York and thereafter from July, 1930, to November, 1937, received said compensation in monthly installments. In November, 1937, the Industrial Commission of the State of North Carolina, at the request of the Industrial Commission of New York, held a hearing to consider and ascertain said Weaver's physical condition and to determine whether it would be just and fair to settle his claim by a lump sum payment. The North Carolina Industrial Commission reported to the New York Industrial Commission, recommending a lump sum settlement of said claim by the payment of $4,000. Thereupon, said claim was settled by the payment to the defendant of the sum of $4,000 out of the State Insurance Fund of the State of New York, which payment was made through the Industrial Commission of the State of North Carolina. A part of this money was deposited in the Bank of Chapel Hill and the deposit credit of $1,136.69, which is in controversy in this proceedings, represents the balance of said deposit now due the defendant.

Under the laws of the State of New York the money paid to the defendant in settlement of his claim is exempt from all claims of creditors. We are not required, however, to determine whether this exemption follows the money into the State of North Carolina and is now available to the defendant. The defendant has parted with the money and now owns a credit account with the Bank of Chapel Hill. This is a solvent credit purchased with the money received by him.

The relation between a bank and a depositor is that of debtor and creditor. *Reid v. Bank,* 159 N. C., 99, 74 S. E., 746; *Graham v. Warehouse,* 189 N. C., 533, 127 S. E., 540; *Trust Co. v. Rose,* 192 N. C., 673, 135 S. E., 795; *Trust Co. v. Spencer,* 193 N. C., 745, 138 S. E., 124; *Woody v. Bank,* 194 N. C., 549, 140 S. E., 150; 58 A. L. R., 725. Under "general deposit," creating relation of debtor and creditor, money passes from depositor to bank, forming general fund for payment of depositors. *Corporation Commission v. Bank,* 193 N. C., 696, 138 S. E., 22. The title to a general deposit passes to the bank. *Wall v. Howard,* 194 N. C., 310, 139 S. E., 449; *Land Bank v. Bank,* 197 N. C., 526, 150 S. E., 34.

The World War Veterans Act provides that "the compensation, insurance and maintenance and support allowance payable under parts II, III and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under parts II, III and IV; and shall be exempt from all taxation." Interpreting this section, this Court, in *State Hospital v. Bank,* 207 N. C., 697, held that when the funds received from a veteran under this provision of the Federal law have been invested in securities, the property thus acquired was not exempt from taxation under the provisions of said act. The Court quoted with approval from the opinion of *Justice Cardozo* in *Trotter v. Tennessee,* 290 U. S., 354, 78 L. Ed., 358, as follows: "We think it very clear that there was an end to the exemption when they (the moneys paid as compensation) lost the quality of moneys and were converted into land and buildings. The statute speaks of 'compensation, insurance, and maintenance and support allowance payable' to the veteran, and declares that these shall be exempt. We see no token of a purpose to extend a like immunity to permanent investments, or fruits of business enterprises. Veterans who choose to trade in land, or in merchandise, in bonds, or in shares of stock, must pay their tribute to the State. If immunity is to be theirs, the statute conceding it must speak in clearer terms than the one before us here." Petition for writ of *certiorari* in this case was denied by the Supreme Court of the United States. *Security National Bank, guardian, petitioner, v. State of North Carolina, ex rel. State Hospital for the Insane at Raleigh,* 295 U. S., 761; 79 L. Ed., 1704.

Even if it be conceded that defendant can plead the exemption provisions of the New York Workmen's Compensation Act and that the same is available to him in this State, such exemption is not shifted from the money to property acquired by him through the use of said money. Any exemption to which the defendant might be entitled under the laws of the State of New York, or to which he is entitled under the laws of this State, extends only to the money received in compensation for his injuries. When he elects to part with the money the exemption ceases.

It neither follows the money into the hands of the person to whom it is paid, nor attaches to the newly acquired property.

It might be well to note in passing that "the dominion of a state over personal property within its borders is complete and its right to regulate its transfer and subject it to process and execution in its own way and by its own laws is unquestioned." 5 R. C. L., 927. "Exemption laws are a protection only against executions issued in the state where the claimant resides. They have no extra-territorial effect." *Sexton v. Insurance Co.,* 132 N. C., 1; *Balk v. Harris,* 122 N. C., 64; 45 L. R. A., 257. "Exemption laws are not a part of the contract; they are a part of the remedy and subject to the law of the forum." *R. R. v. Sturm,* 174 U. S., 710, and cases there cited. Speaking to the subject in *Goodwin v. Claytor,* 137 N. C., 225, it is said: "The right of exemption under the laws of Virginia cannot be enforced here. It is well settled that exemption laws have no extra-territorial effect. They are not, in respect to the question now under consideration, a part of the contract, but relate only to the remedy, and the right to an exemption is, therefore, subject to the law of the forum." To hold otherwise would be but to concede that the State of New York by its laws can exercise direct jurisdiction and authority over personal property within the State of North Carolina and exempt it from execution whenever such money is received from or through a court of the State of New York.

The judgment below is
Affirmed.