130 N.J. Super. 517 (1974)
327 A.2d 699
GENERAL MOTORS ACCEPTANCE CORP., PLAINTIFF,
v.
JOSEPH FALCONE, DEFENDANT.
Superior Court of New Jersey, District Court  Middlesex County.
October 25, 1974.
*518 Mr. Richard K. Silberberg for plaintiff. (Messrs. Pressler & Pressler, attorneys).
Ms. Claudia Slovinsky, Legal Intern, for defendant (Middlesex County Legal Services).
LONGHI, P.J.D.C.
On April 22, 1974 plaintiff obtained judgment against defendant in the sum of $623.89 plus costs. The judgment not having been paid, plaintiff executed on the judgment and on June 22, 1974 levied on $145.39 in *519 defendant's checking account. Plaintiff now seeks an order directing the bank to pay over to the constable the monies levied upon. Defendant resists the order on the ground that the funds levied upon derive solely from social security and workmen's compensation benefits and are exempt.
Defendant's sole means of support, for himself and his family, are a monthly social security check in the amount of $518.10 and semi-monthly workmen's compensation checks in the amount of $160.00.
While on the date of the bank levy there was only $145.39 in defendant's checking account, his total deposit for June, up to the date of levy, were $900.10. Of these monies $518.10 represented social security benefits and $342.00 represented the residue of workmen's compensation checks.
It is clear that monies obtained from social security benefits are exempt from execution, levy, attachment, garnishment or other legal process, even after they have been paid to the debtor. 42 U.S.C.A. § 407; Philpott v. Essex County Welfare Board, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973).
The question presented to the court is whether the exemption provided in the Workmen's Compensation Act applies to monies after payment to a debtor.
The relevant portion of the Workmen's Compensation Act, N.J.S.A. 34:15-29 provides:
Claims or payments due under this chapter shall not be assignable, and shall be exempt from all claims of creditors and from levy, execution or attachment.
At issue is the meaning to be given the phrase "Claims or payments due," but more specifically the word "due." Plaintiff urges that once payments have been made they are no longer "due" and thus the exemption no longer applies. In support of his position plaintiff cites Beierlein v. Faulkner, 15 Misc. 313, 190 A. 853 (D. Ct. 1937).
Beierlein involved a similar factual pattern. The court there construed the phrase "Claims or payments due" in its *520 strictest sense. The court viewed the purpose behind the exemption as administrative in nature, intended to avoid confusion in the Workmen's Compensation Division, thereby relieving the Division of extra bookkeeping duties and conflicting claims of ownership. Beierlein has not been followed and has more or less withered on the vine. In any event I feel that the result in Beierlein is wrong and contrary to the intent and purpose of the Workmen's Compensation Act.
The purpose of statutory construction is to bring the operation of the statute within the apparent intention of the Legislature. Nagy v. Ford Motor Co., 6 N.J. 341 (1951).
Exemptions as the term is used in connection with the rights of creditors seeking to secure their debts can be said to be the right of a debtor to retain a portion of his personal property free from seizure under judicial process. 31 Am. Jur.2d, Exemptions, § 1. Exemptions did not exist at common law and are mere creatures of statute or constitutional enactment. They are granted on grounds of public policy for a humane purpose.
It is the policy of the State of New Jersey to favor exemptions in those situations where they exist by statute. See Hoffman v. Hoffman, 8 N.J. 157, 162-163 (1951); Freedom Finance Co., Inc. v. Fleckenstein, 116 N.J. Super. 428 (Cty. D. Ct. 1971).
The Workmen's Compensation Act is social legislation designed to accomplish a humane and generous purpose. The award is "in lieu of wages." Williams v. Newark Dept. of Welfare, 43 N.J. Super. 473, 477 (Cty. Ct. 1957). See also, Kozielec v. Mack Mfg. Corp., 29 N.J. Super. 272 (Cty. Ct. 1953); King v. Western Electric Co., 122 N.J.L. 442, 448 (Sup. Ct. 1939). Workmen's compensation affords an injured worker a measure of economic security during the period of time he is recuperating from a work-related accident, and further compensates him for permanent disability which reduces his future earning capacity. See Naseef v. Cord Inc., 48 N.J. 317, 325 (1966); Sanders v. Jarka Corp., 1 N.J. 36, 42 (1948), Electronic Associates, Inc. v. Heisinger, *521 111 N.J. Super. 15, 19 (App. Div. 1970). The obvious intent of the Legislature is to keep the injured worker from becoming a burden to the public.
It is ludicrous to give the exemption provided in the Workmen's Compensation Act a meaning that merely promotes "the convenience of the state by withdrawing the occasion for conflicting claims of ownership." Surace v. Danna, 248 N.Y. 18, 22, 161 N.E. 315, 316 (Ct. App. 1928).
I would point out that the logical application of plaintiff's position would permit a creditor to attach, levy or execute upon the entire workmen's compensation monies after they were paid to an injured worker  a result he could not obtain if he were garnishing the wages of a non-injured worker. 15 U.S.C.A. §§ 1671 to 1677; N.J.S.A. 2A:17-50 to 56. Such a result is clearly unjust.
I find that the intent of the exemption in the Workmen's Compensation Act, N.J.S.A. 34:15-29, is not limited to monies before payment to a petitioner but also to funds actually paid to him and deposited in a bank account, insofar as said funds are traceable to workmen's compensation benefits.
The motion for an order to turn over the bank account is denied and the levy is vacated.