McCABE, *Appellant,*
*v.*
FEE et ux, *Respondents.*
(No. 76-4230, SC 25000)
568 P2d 661

Gary K. Jensen, Eugene, argued the cause and filed a brief for appellant.

Gary R. Ackley, Cottage Grove, argued the cause for respondents. With him on the brief were Ackley & Kelsay, Cottage Grove.

BRYSON, J.

**BRYSON, J.**

This case is before us on the allegations of the complaint. Plaintiff alleged, in effect, that he received a compensation award for a job-related injury, that he deposited the proceeds in a bank, that defendants had a writ of attachment and notice of garnishment served on the bank, and that defendants then obtained possession of the money and have refused to return it. The complaint alleges that workmen's compensation is exempt from attachment and garnishment and prays for return of the amount seized and for punitive damages.

Defendants demurred to plaintiff's complaint on the ground it failed to state a cause of action, contending that the funds on deposit were not exempt. The trial court sustained the demurrer and, after plaintiff failed to plead further, entered judgment for defendants. Plaintiff appeals.

The issue is whether a workmen's compensation award which has been paid to the workman and deposited by him in a bank account is thereafter exempt from attachment and garnishment. The legal question is one of statutory construction.

ORS 656.234 provides:

> "No moneys payable under ORS 656.001 to 656.824 [the workmen's compensation laws] on account of injuries or death are subject to assignment prior to their receipt by the beneficiary entitled thereto, nor shall they pass by operation of law. All such moneys and the right to receive them are exempt from seizure on execution, attachment or garnishment, or by the process of any court."

We are directly concerned with the language of the statute and particularly with the meaning of the words "* * * moneys payable * * * prior to their receipt" and "such moneys."

Plaintiff takes the position that the exemption provided by statute continues after a compensation

award has been received by the workman so long as the money is identifiable and traceable.[1] He argues that a contrary reading of the statute would make the exemption illusory and would defeat one of the important purposes of the compensation laws—the provision of basic support for injured workmen.[2]

■ ■ However, we find no evidence that the legislature intended to exempt compensation awards from seizure by creditors once they have been paid to the workman. The language of ORS 656.234 itself does not support plaintiff's position. The words "such moneys" in the second sentence refer back to the words "moneys payable * * * prior to their receipt" in the first sentence. Money which is "payable" is money that is due or is to be paid; we are unwilling to construe the statute to include, in addition, money which has been paid without some indication of a legislative intent to give the word "payable" that broader meaning.

The history of this provision does not disclose such an intent. The second sentence originally read, "All moneys paid or payable hereunder and the right to receive the same shall be exempt * * *." Oregon Laws 1913, ch 112, § 26. In 1933 that sentence was amended to read, "All such moneys and the right to receive the same shall be exempt * * * prior to their receipt." Oregon Laws 1933, ch 117, § 1. The legislature has deliberately removed an exemption which applied to "all moneys paid." We may not recreate that exemption.

■ While the statute as we construe it does not provide maximum protection to the injured workman, it does serve a reasonable purpose. It protects employers, insurers, and the State Accident Insurance Fund from the necessity of dealing with numerous garnishments

---

[1] The parties have assumed that the complaint adequately alleges that the bank accounts which were garnished contained no funds other than the compensation award. For purposes of this opinion we adopt that assumption.

[2] See ORS 656.004; *Schulz v. Compensation Department,* 252 Or 211, 216, 448 P2d 551 (1968).

by creditors of injured workmen and, at the same time, provides those workmen a measure of protection by assuring that compensation benefits will reach them intact so that they can control the immediate disposition of the money. Giving the statute the interpretation urged by plaintiff would place a burden on banks or other depositories who would probably have no knowledge of the fund's origin.

■ Plaintiff and defendants cite a number of cases, collected at 31 ALR3d 532, 545-49, which acknowledge the cases are in conflict and the statutes vary. We need not review them here, as none of them involve statutes with both language and history like ours. The opinions in some of those cases make appealing policy arguments in support of a broader exemption. However, given the language of ORS 656.234 and its history, the appeal must be made to the legislature rather than to the courts.

Affirmed.