**In re Linda Katherine WILLS, a/k/a Linda Katherine Capps.**

**W. G. DINNING, Trustee,**

v.

**Linda Katherine WILLS, Debtor.**

**No. H–76–37–B.**

United States District Court,
E. D. Arkansas,
Helena Division.

May 27, 1980.

Harvey L. Yates, Schieffler & Yates, West Helena, Ark., for plaintiff.

W. G. Dinning, (Receiver), Helena, Ark., for defendant.

MEMORANDUM OPINION

ROY, District Judge.

The debtor herein, Linda Katherine Wills, filed bankruptcy in August of 1976. The debtor's husband had been killed in the line of duty during his employment with the Arkansas Game and Fish Commission. As a result of his death, the debtor filed a

claim with the State Claims Commission for dependent's benefits, and an award was made to her. The Trustee in Bankruptcy, the appellant in the instant appeal, now holds $2,333.34 of that award for the benefit of the creditors or the debtor, subject to the outcome of this appeal.

The debtor contends that the monies held by the. Trustee are not subject to levy or any legal process, and the bankruptcy court below held that the award was like a payment under the Workmen's Compensation Act and could not, therefore, be taken by creditors. The Trustee filed this appeal on the ground that the conclusions of law by the bankruptcy court to that effect were erroneous.

■ Where, as here, the determination of the issue turns upon the lower court's conclusions of law, and not findings of fact, the "clearly erroneous" standard which is applied to that court's findings of fact is not applicable. *In re Knutson*, 563 F.2d 916 (8th Cir. 1977). This Court must simply determine whether the bankruptcy court correctly applied the law. The sole issue in the appeal before the Court concerns the nature of the payment made by the Claims Commission to the debtor, *i. e.*, whether it constitutes a payment into the estate of the deceased for the purposes of the bankruptcy proceeding or whether it is on the order of a Workmen's Compensation award and, by virtue of that, to inure solely to the benefit of the debtor.

■ According to the record, the debtor was actually paid pursuant to Act 709 of 1973, an appropriation act which provided funds for families of law enforcement officers who were killed in the line of duty. It was apparently deemed appropriate by the Claims Commission to pay her claim through this appropriation.

To determine whether the award to the debtor was in the nature of a Workmen's Compensation award, the law relating to Workmen's Compensation payments to State employees must be examined. From the record and the Arkansas law applicable to awards to dependents of State employees who are killed in the line of duty, it becomes apparent that the payment to the debtor was in the stead of or in addition to other awards authorized by Arkansas law.

The State Claims Commission is not the agency which ordinarily authorizes awards in such circumstances. Ark.Stat.Ann. § 13–1402 (Repl.1979), Act 462 of 1949, states:

The State Claims Commission shall have exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions, Provided, that the Commission shall have no jurisdiction over claims for personal injury and death of employees of the State of Arkansas, and its several agencies, departments and institutions, arising out of, and in the course of, their employment.

Further, Ark.Stat.Ann. § 13–1407 (Repl. 1979) specifically vests the Workmen's Compensation Commission with jurisdiction in such circumstances. Therefore, it must be concluded that the intent of the Legislature was to make these payments in the form of Workmen's Compensation awards. The record in the instant case indicates that the State stipulated at the hearing before the Claims Commission that the debtor's husband was an employee of the State of Arkansas and was killed in the line of duty, *i. e.*, that he was killed while acting within the scope of his employment. Therefore, the bankruptcy court was correct in its analogy of the award to the debtor to an award under Workmen's Compensation.

The Court further notes that Ark.Stat. Ann. § 81–1321 (Repl.1976), a section of the Worker's Compensation Act, states:

The right to compensation shall not be assignable and shall not be subject to garnishment, attachment, levy, execution or any other legal process. Money compensation to dependents of a deceased employee shall not constitute assets of the estate of the deceased employee and shall be payable to and for the benefit of the dependents alone.

The Legislature could not have been more clear in its intent. To include the Claims Commission award to the debtor in that

fund which may be reached by creditors would amount to a frustration of the intent of the Legislature and would penalize the debtor simply because the award was made through channels other than those normally utilized. The Arkansas Legislature, in passing a special appropriation act for the purpose of compensating law enforcement officers' families, could not have intended, by selecting them for special treatment, to remove the protection from legal process afforded all other employees' families. The result would be incongruous.

Therefore, the Trustee is directed to pay the funds now held by him to the debtor, together with any interest which those funds have accrued during the pendency of this appeal, and the decision of the bankruptcy court is affirmed.