OPINION OF THE COURT
Gene L. Catena, J.
On June 26, 1981 this court issued a wage deduction order pursuant to section 49-b of the Personal Property Law, directing the Nationwide Insurance Company, the workers’ compensation carrier for respondent’s employer, to withhold the sum of $95 per week from workers’ compensation benefits due respondent. This order had been issued following a hearing and finding by the court that the respondent failed to pay the $95 weekly for the support and maintenance of respondent’s former wife and two children.
The carrier now moves the court for an order vacating the wage deduction order as contrary to section 49-b of the Personal Property Law and sections 25 and 33 of the Workers’ Compensation Law. The carrier contends that since section 49-b allows the court to order the “employer, future employer, former employer, the auditor, comptroller, or disbursing officer of any pension fund, the state of New York or any political subdivision thereof, or the *343 United States” to deduct from moneys due or payable to a respondent for court-ordered support of dependents, and since the carrier is not in the classification of any of the above, this court does not have the specific authority to order it to make the deductions. The carrier further argues that the workers’ compensation benefits are statutorily exempt from claims for alimony and support.
A surface reading of section 49-b would seem to affirm the carrier’s position except when the pertinent sections of the New York State Constitution and the Workers’ Compensation Law are examined. Section 18 of article I of the New York Constitution declares that “Nothing contained in this constitution shall be construed to limit the power of the legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment, either by employers, or by employers and employees or otherwise, either directly or through a state or other system of insurance or otherwise, of compensation for injuries to employees” (emphasis supplied). Pursuant to that authority, the Legislature has enacted appropriate legislation obligating employers to continue to provide wages, in the form of compensation, to its employees when those employees have been injured while in the course of their employment. (Workers’ Compensation Law, §§ 10, 50.) By operation of law then, the relationship of employer-employee is not changed. Call it what you will, compensation or otherwise, the employer must still pay wages to his employee, albeit on a reduced scale, either directly as a self-insurer or indirectly through an agent, while that employee is incapacitated from employment for injuries sustained in his employer’s business. Although the carrier is not the per se employer of the respondent, the employer, by statute, is making the payments to him through the carrier, and, for all the foregoing, the carrier is bound by and subject to the mandate of section 49-b of the Personal Property Law.
The carrier’s argument that compensation benefits are beyond the reach of claims for alimony or support is also rejected.
Section 33 of the Workers’ Compensation Law reads as follows: — “33. Assignments; exemptions. Compensation or benefits due under this chapter shall not be assigned, *344 released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees or the dependents, except as hereinafter in this section provided. In the case of the death of an injured employee to whom there was due at the time of his or her death any compensation under the provisions of this chapter, the amount of such compensation shall be payable to the surviving spouse, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving spouse or children, then to the dependents of such deceased employee or to any of them as the board may direct, and if there be no surviving spouse, children or dependents of such deceased employee, then to his estate. An award for disability may be made after the death of the injured employee.”
It is clear from a reading of the statute that the benefits are exempt from all claims of creditors and from levy or execution for recovery, or collection of a debt. However, it has been generally stated that claims for alimony and support are an exception to the exemptions granted by statute on the theory that an adjudication of alimony or support is not a debt within the meaning of the exemption statute. The whole theory and purpose of the Workers’ Compensation Law is to provide a substitute for the loss of wages and for the protection of the employee and his dependents from want and to prevent, if possible, the injured employee and his family from becoming objects of charity or dependent upon the State. (Matter of Wilkosz v Symington Gould Corp., 14 AD2d 408; Westchester Light. Co. v Westchester County Small Estates Corp., 278 NY 175; Matter of Bowne v Bowne Co., 221 NY 28; 22 NY Jur, Exemptions, §57, p 260; 65 NY Jur, Workmen’s Compensation § 14, p 323-324.)
The protection of section 33 of the Workers’ Compensation Law, is not restricted only to the family that is intact but also to the beneficiary and his family whether they are living together as a family unit or separated. It appears quite clear that the Legislature did not intend to insulate *345 the husband and father against his legal responsibilities and obligations to support his wife or child, only the family against creditors. (Matter of Jackson v Jackson, 194 Misc 134; Matter of Franklin v Franklin, 176 Misc 612.) This becomes apparent when it is pointed out that the New York State Legislature enacted former subdivision 3 of section 49-b of the Personal Property Law pursuant to chapter 516 of the Laws of 1977. Former subdivision 3 read as follows: “3. Notwithstanding the provisions of subdivisions one or two of this section, such provisions shall not apply to compensation or benefits specifically exempted under the provisions of sections thirty-three and two hundred eighteen of the workmen’s compensation law or section five hundred ninety-five of the labor law.”
It is highly significant that in the very next year, by chapter 456 of the Laws of 1978, the Legislature repealed former subdivision 3. This repeal speaks quite eloquently of the intent of the Legislature to make workers’ compensation benefits subject to wage deduction orders under section 49-b of the Personal Property Law.
Accordingly, the motion to vacate is denied, the temporary stay granted by the court on July 17, 1981 is vacated and the carrier is directed to comply with the wage deduction order of June 26, 1981.