In re Johnny M. COVEY and Linda
M. Covey, Debtors.

No. HS 83–013.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Jan. 19, 1984.

Janet L. Burtness, Hot Springs, Ark., for debtors.

A.L. Tenney, Little Rock, Ark., Trustee.

MEMORANDUM OF FINDINGS OF
FACT AND CONCLUSIONS
OF LAW

CHARLES W. BAKER, Bankruptcy Judge.

The Trustee's Objection to Plan and to Claim of Exemption coming before the Court, the parties having submitted agreed stipulation of facts, the Debtors, Johnny M. Covey and Linda M. Covey, having given oral testimony, and the parties each having submitted Briefs, the Court does make the following Findings of Fact:

1. On the 28th day of January, 1982, Johnny M. Covey was injured on his job when a tree limb fell on him. He suffered back injuries and on the 27th day of December, 1982, received a Worker's Compensation lump sum award of Twelve Thousand Four Hundred and 00/100 ($12,400.00) Dollars. The Debtors expect future medical expenses and surgery because of the injury to his back.

2. On the 10th day of February, 1983, Johnny and Linda Covey filed their Petition For Relief under Chapter 13 of the Bankruptcy Code. At the time the Petition was filed, Johnny and Linda Covey had Nine Thousand Two Hundred Fifty and 00/100 ($9,250.00) Dollars of the Worker's Compensation proceeds in their possession. The Debtors claimed the Worker's Compensation proceeds as exempt from payment to unsecured creditors.

3. The Worker's Compensation proceeds were on deposit at Arkansas Bank & Trust Company of Hot Springs, and were segregated from the Debtors' other assets.

From the above and foregoing Findings of Fact the Court makes the following Conclusions of Law:

Ark.Stat.Ann. Sec. 81–1321 states:

The right to compensation shall not be assignable and shall not be subject to garnishment, attachment, levy, execution or any other legal process. Money compensation to dependents of a deceased employee shall not constitute assets of the Estate of the deceased employee and shall be payable to and for the benefit of the dependents alone.

The first sentence of the statute provides for the exemption of the Worker's Compensation proceeds. The second sentence of the Statute merely repeats the provision of Ark.Stat.Ann. Sec. 81–1315(c) which states: "... Compensation for the death of an employee shall be paid to those persons who

are wholly and actually dependent upon him . . ."

In *Surace v. Danna,* 248 N.Y. 18, 161 N.E. 315 (1928), the Court of Appeals of New York dealt with a statute similar to that of Arkansas. The New York statute provides:

"*Compensation or benefits due* under this Chapter shall not be assigned, released or commuted except as provided by this Chapter, and shall be exempt from all claims or creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, to which exemption may not be waived." (Emphasis added)

Danna received a Three Thousand Five Hundred ($3,500.00) Dollar award of Workman's Compensation benefits, which he deposited in a bank account. The judgment creditor obtained an Order directing payment by the bank for the amount of the judgment.

The issue was whether the money was exempt, and the Court held that it was exempt.

There was no question that the moneys due were exempt before they reached the Debtor, the argument was whether the benefits became subject to seizure the instant they were paid. Chief Justice Cardozo wrote, "If this is so, the exemption is next to futile . . . . so narrow a construction thwarts the purpose of this statute." Supra at 315.

Referring to the words "compensation or benefits due" in the statute, Chief Justice Cardozo states that an employee holding in his hands the proceeds of a Workmen's Compensation Award, "might say not inappropriately that the money so received was due under the statute." Supra at 316. Similarly, an Arkansas injured workman having received benefits from a Worker's Compensation award, can say that the money he received was the right to compensation under the Arkansas Statute.

In *McCabe v. Fee,* 279 Or. 437, 568 P.2d 661 (1977) the Oregon Supreme Court strictly construed the Oregon Statute in reaching a decision that Workmen's Compensation benefits were not exempt after paid to the employee. The Court admitted this construction does not provide maximum protection to the workman, but determined that the purpose served was an administrative one of protecting employers, insurors and the State Accident Insurance Fund from dealing with garnishments.

The New Jersey District Court reached a different conclusion regarding an administrative purpose of the exemption statute in *General Motors Acceptance Corp. v. Falcone,* 130 N.J.Super. 517, 327 A.2d 699 (1974). In that case GMAC obtained judgment against Falcone for Six Hundred Twenty-four ($624.00) Dollars and executed on the Defendant's checking account that contained Social Security and Workmen's Compensation benefits. The New Jersey Court held that the exemption in the New Jersey Workmen's Compensation Act applies not only to moneys before payment but also to funds paid to an employee and deposited in a bank account, insofar as the funds are traceable to the Workmen's Compensation benefits.

The New Jersey statute provides:

"Claims or payments due under this Chapter shall not be assignable, and shall be exempt from all claims of creditors and from levy, execution or attachment."

In reaching its decision, the Court overruled *Beierlein v. Faulkner,* 15 N.J.Misc. 313, 190 A. 853 (1937). In Beierlein the Court construed "claims or payments due" in its strictest sense and viewed the reason for the exemption as being administrative in nature, and tended to relieve the Workmen's Compensation division of extra bookkeeping. The Court cited Chief Judge Cordozo's opinion in *Surace v. Danna* in pointing out that it is ludicrous to give the exemption a meaning that promotes "the convenience of the state by withdrawing the occasion for conflicting claims of ownership." *Surace v. Danna,* 248 N.Y., 18, 22, 161 N.E. 315, 316 (Ct.App., 1928). The New Jersey Court determined that the Workmen's Compensation Act is social legislation meant "to accomplish a humane and

generous purpose." *GMAC v. Falcone,* 130 N.J.Super. 517, 327 A.2d 699, 701.

In *In re: Allen's Guardianship,* 182 Okl. 512, 78 P.2d 700 (1938), the Oklahoma Supreme Court considered the question of whether Workmen's Compensation benefits are exempt from the claims of creditors when the proceeds have been paid the injured worker and deposited in a bank unmingled with other funds. The Oklahoma Statute provides:

> "Claims for *compensation or benefits due* under this act shall not be assigned, released or commuted except as provided by this act, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived." (Emphasis added)

The facts and statute involved in this case are similar to the facts in the Covey's case and the Arkansas Statute. The Oklahoma Supreme Court held that proceeds of a Workmen's Compensation award are exempt after paid to the employee, and deposited in a bank, unmingled with other funds. The Court cited *Surace v. Danna,* Supra, and quoted the case at length, before stating, "We believe the reasoning and conclusion expressed by the New York Court is in keeping with the manifest purpose of the Workmen's Compensation Act of this State...." *Allen's Guardianship* at 703.

In *Vukovich v. Ossic,* 50 Ariz. 194, 70 P.2d 324 (1937), Vukovich sued Ossic for a Seven Hundred Sixteen ($716.00) Dollar debt and issued a Writ of Garnishment against the bank in which Ossic had deposited his Worker's Compensation proceeds of Thirteen Hundred Thirty-Seven ($1,337.00) Dollars. Ossic claimed the money was exempt from attachment, garnishment and execution.

The Arizona Statute provides:

"Compensation, whether determined or not, shall not, prior to the delivery of the warrant therefore, be assignable; it shall be exempt from attachment, garnishment and execution, and shall not pass to another person by operation of law..."

The Supreme Court of Arizona decided that the Workmen's Compensation benefits remained exempt after paid to the worker, and the payment of proceeds to the worker does not lose its character as compensation so long as it is kept intact and not mixed with other funds. The Court discussed the Workmen's Compensation Law itself, stating:

> "... it is inconsistent with the Act itself and utterly out of harmony with the end it was enacted to accomplish to hold that compensation is not exempt after it reaches the employee but may be taken by creditors in payments of other debts." *Vukovich v. Ossic,* 50 Ariz. 194, 70 P.2d 324, 326.

The Court herein follows the holding of *Surace v. Danna,* and continued in *GMAC v. Falcone, In Re: Allen's Guardianship* and *Vukovich v. Ossic* and finds that the worker's compensation proceeds continue to be exempt from claims of creditors after the money has been paid the injured workman.

The strict construction of the Oregon Court in *McCabe* is not appropriate for an Arkansas case, as the Arkansas courts have held that the Workmen's Compensation Law should be liberally construed. *Triebsch v. Athletic Mining and Smelting Co.,* 218 Ark. 379, 381, 237 S.W.2d 26, 28.

This Court interprets Ark.Stat.Ann. Sec. 81–1321 to provide for the continuing exemption of worker's compensation proceeds after the money has reached the hands of the injured employee. Any other interpretation would defeat the purpose of the exemption, denying the workman the use of his money. This interpretation makes the funds received under a worker's compensation award exempt and available to the worker for his benefit and disposition.

Ark.Stats.Ann. 36–211(b) provides:

"The exemptions granted in Section (a) of this Section shall be in addition to the present exemptions granted by Arkansas Law as listed below: (14) Worker's Compensation benefits. (Ark.Stats.Ann. 81–1321)"

The exempt "Worker's Compensation benefits" in this Statute makes no differentiation as to the exemption applying before or after the worker receives the money benefits.

The Supreme Court of Arkansas stated in *Chicago Mill & Lumber Co. v. Smith*, 228 Ark. 876, 310 S.W.2d 803, 805 (1958), "it is a rule that remedial legislation shall be liberally construed." That case dealt with the worker's compensation benefits to which the widow and children of the deceased employee were entitled. The court quoted *Triebsch v. Athletic Mining and Smelting Co.*, supra, stating "we have many times held that the Workmen's Compensation Law should be broadly and liberally construed; and that doubtful cases should be resolved in favor of the claimant. See *Hunter v. Summerville*, 205 Ark. 463, 169 S.W.2d 579; *Elm Springs Canning Co. v. Sullins*, 207 Ark. 257, 180 S.W.2d 113; *Nolen v. Wortz Biscuit Co.*, 210 Ark. 446, 196 S.W.2d 899; and *Batesville White Lime Co. v. Bell*, 212 Ark. 23, 205 S.W.2d 31...."

In another case dealing with the Worker's Compensation Law (the lump sum payment of attorney's fees), the Court of Appeals of Arkansas stated: "It is an established rule that remedial legislation shall be liberally construed." *Aluminum Company of America v. Neal*, 4 Ark.App. 11, 626 S.W.2d 620, 622 (1982).

In *In Re: Wills*, 4 B.R. 475 (E.D.D.C.Ark. 1980), docket # HE 76–37 B, the District Court upheld a decision by this court construing a State Claims Commission award to be similar to a worker's compensation award and finding the proceeds were exempt. Although the facts in *Wills* are different from the case at hand, the debtor having received death benefits after the filing of the petition for straight bankruptcy, the exemption of the proceeds should not be differentiated on the basis of the date on which the money was received by the beneficiary.

The Court holds that the Worker's Compensation benefits which were received by the Debtor prior to the filing of the Petition for Relief under Chapter 13 of the Bankruptcy Code and were segregated from other assets are exempt from payment to unsecured creditors.