**In re Jimmie Juan NOLEN and Dolores Rose Nolen, Debtors.**

**Robert WALDMAN, Plaintiff,**

**v.**

**Jimmie Juan NOLEN and Dolores Rose Nolen, Defendants.**

**Bankruptcy No. 7–86–00791 R R. Adv. No. 86–0256 R.**

United States Bankruptcy Court, D. New Mexico.

Oct. 27, 1986.

Max Houston Proctor, Hobbs, N.M., for debtor.

Robert Waldman, Albuquerque, N.M., for trustee.

## MEMORANDUM OPINION

STEWART ROSE, Chief Judge.

The debtor, Jimmie Juan Nolen, suffered an injury compensable under the New Mexico Workmen's Compensation Act prior to the filing of the petition. He received a lump sum payment of the installments of compensation, apparently pursuant to N.M. S.A. 1978 § 52–1–33 (Orig.Pamp.) which provides:

> If, before the time has elapsed within which the defendants may file their answer or other pleading in defense of the claim, the defendants, or any of them, file with the clerk of the district court a written final settlement, adjustment or release signed by the plaintiff and defendants, the court, if it approves such settlement, shall order a judgment of record to be entered in accordance with the settlement, carrying the settlement into effect and providing for execution or executions to be issued thereunder for any future payments to be made. The judgment shall be satisfied of record if it is shown by the instrument or instruments filed that payment has already been made in full.

The debtors' schedules reflect a checking account at Valley Savings and Loan Association in the amount of $32,817.95. The debtor claims this checking account as exempt as workmen's compensation benefits under N.M.S.A. 1978 § 52–1–52 (Cum.Supp. 1986).

The trustee has objected to the claim of exemption and filed this adversary proceeding for turnover.

Section 52–1–52(A) provides:

Compensation benefits shall be exempt from claims of creditors and from any attachment, garnishment or execution and shall be paid only to such workman or his personal representative or such other persons as the court may, under the terms hereof, appoint to receive or collect compensation benefits.

Parenthetically, a substantial portion of the unsecured debt reflected in the debtors' schedules are medical expenses, but they were incurred in the treatment of the debtor wife who is seriously ill. None of the medical providers who treated the debtor husband for his compensable injury are creditors.

The issue before the Court is whether the checking account, consisting of the proceeds of the settlement of the workmen's compensation claim, may be exempted under the foregoing statute. This is a case of first impression in New Mexico. We acknowledge the assistance of the annotation at 31 A.L.R.3d 532 (1970) in our research.

Statutes exempting worker's compensation benefits from creditors' claims vary markedly from state to state. Judicial interpretation of those laws is even more varied. An examination of a number of statutes and opinions may clarify the problems of construction and policy determinations.

New York follows a rule laid down by Justice Cardozo in *Surace v. Danna*, 248 N.Y. 18, 161 N.E. 315 (1928). The relevant statute reads, "Compensation or benefits due ... shall not be assigned, ... and shall be exempt from all claims...." N.Y. Work.Comp.Law § 33. The injured worker had received a commutated award, and the creditors argued that the word "due" indicated the exemption only applied to the pre-payment right to the money. Judge Cardozo found the language more flexible than had the creditors and held the funds exempt even after possession by the debtor. Cutting off the exemption upon receipt of the money would "thwart[ ] the purpose of the statute." *Surace*, 161 N.E. at 315.

A New York family court recently interpreted the same statute in the context of an injured ex-husband's alimony and support obligations. In *Dallesandro v. Dallesandro*, 110 Misc.2d 343, 442 N.Y.S.2d 400 (Fam.Ct.1981), the court noted the need to protect the injured worker's compensation. Adjudicated family support obligations, however, were held "not a debt within the meaning of the Worker's Compensation Law," 442 N.Y.S.2d at 402, and were thus an exception to the statutory exemption of benefits. This result appears to be the general rule in family law cases. *See, e.g., Kishida v. Kishida*, 716 P.2d 501 (Hawaii Ct.App.1986); *but see, Indus. Comm'n of Ohio v. Sherry*, 20 Ohio App.3d 32, 484 N.E.2d 212 (1984). New Mexico partially excludes child support obligations from exemption by statute, NMSA 1978 § 52–1–52(B) (1986 Cum.Supp.), although other family support obligations may require judicial resolution.

A line of Texas cases, several predating the *Surace v. Danna* opinion, addresses the issue of exempting lump sum awards. The statutory language in each of these cases reads: "all compensation allowed under the [Workmen's Compensation Act] shall be exempt from garnishment, [or] attachment, ... and any attempt to assign the same shall be void." Tex.Rev.Civ.Stat. Ann. art. 8306 § 3 (Vernon 1966).

In *Gaddy v. First Nat'l Bank of Beaumont*, 115 Tex. 393, 283 S.W. 472 (1926), the court held the compensation remained exempt, if identifiable, in the hands (or bank) of the debtor. "The statute itself includes no such limitation," 283 S.W. at 473, which would terminate the exemption upon the debtor's possession. *Strawn Merc. Co. v. First Nat'l Bank of Strawn*, 279 S.W. 473 (Tex.Civ.App.1926), decided a few months before *Gaddy*, upheld the exemption of an out-of-state award as a matter of comity. The Texas court found no conflict between the policies behind the Illinois and Texas statutes, and reasoned that the Texas statute would also have allowed the exemption of the lump sum award.

A recent Texas case, *Highland Park State Bank v. Salazar*, 555 S.W.2d 484 (Tex.Civ.App.1977), presented the issue

whether the fund would remain exempt even after the debtor had pledged the account to secure a loan. The court rejected the debtor's argument that the pledge constituted an assignment and was thus void as a violation of the statute. The statute only protects the debtor from his " 'voluntary' attempts to divest himself of ... his claim," 555 S.W. at 486; it does not prevent subsequent pledges of the funds.[1]

Arizona's leading case, *Vukovich v. Ossic*, 50 Ariz. 194, 70 P.2d 324 (1937), relies on the *Surace* and *Gaddy* opinions, holding the exemption applies to deposited funds. The statutory language is similar to that of Texas: "Compensation ... shall not, prior to the delivery of the warrant therefor, be assignable; it shall be exempt from attachment, [or] garnishment," *quoted at* 70 P.2d at 325. As in *Gaddy*, the *Vukovich* court found the statute had no time limitation and ruled the money "may not be taken in payment of debts of any kind." 70 P.2d at 325. The creditor who does not take a security interest, relying only on the debtor's promise of repayment from compensation, does so at his peril. 70 P.2d at 327.

Oklahoma allows the exemption but requires that the funds not be commingled. The court in *In Re Allen's Guardianship*, 182 Okl. 512, 78 P.2d 700 (1938), reviewed cases on both sides of the issue and upheld the exemption based on the state policy of liberal construction of exemption statutes. 78 P.2d at 702. The relevant language there was: "Claims for compensation or benefits due under this act shall not be assigned, ... and shall be exempt." 85 Okla.Stat.Ann. § 48.

This court recognizes that New Mexico liberally construes exemption statutes, *see, e.g., Advance Loan Co. v. Kovach*, 79 N.M. 509, 445 P.2d 386 (1968), *Hernandez v. SIC Finance Co.*, 79 N.M. 673, 448 P.2d 474 (1968), and workmen's compensation statutes, *see, e.g., Glover v. Sherman Power*

*Tongs*, 94 N.M. 587, 613 P.2d 729 (Ct.App. 1980), *Wilson v. Mason*, 78 N.M. 27, 426 P.2d 789 (1967).

New Jersey and Kentucky allow the exemption to follow funds traceable to the award, apparently even if the funds are commingled. In *General Motors Acceptance Corp. v. Falcone*, 130 N.J.Super. 517, 327 A.2d 699 (1974), the court construed the language "claims or payments due ... shall be exempt," *quoted at* 327 A.2d at 700. The court there vacated a levy on an account which contained the awarded compensation as well as other money; the issue of tracing was not discussed. In *Matthews v. Lewis*, 617 S.W.2d 43, 46 (Ky. 1981), the exemption was upheld in commingled funds, "so long as those deposits can be identified as or traced to payment of exempt funds."

A recent bankruptcy opinion, *In Re Covey*, 36 B.R. 696·(Bankr.W.D.Ark.1984), interpreted the following Arkansas statute: "The right to compensation shall not be ... subject to ... attachment ... or any other legal process." Ark.Stat.Ann. § 81–1321. The court made no distinction between the right to compensation and the proceeds thereof, overruling the Trustee's objection to the debtor's claim of exemption. The funds were identifiable in a separate account, and the court pointed out that "strict construction ... is not appropriate ... as the Arkansas courts have held that the Workmen's Compensation Law should be liberally construed." 36 B.R. at 698.

There is, of course, a line of cases denying the exemption. The supreme court of Oregon has reached a result directly opposite to the *Surace* line of cases in *McCabe v. Fee*, 279 Or. 437, 568 P.2d 661 (1977). Relying on 1933 amendments to the Oregon statute and purporting to construe the language strictly, the court held the money, once paid to the worker, was no longer

---

1. The cases consistently distinguish the proceeds of settlement from property purchased with proceeds, holding that the debtor loses the exemption by acquiring non-exempt property with the funds. *Martin v. Lamb*, 228 Mich. 396, 200 N.W. 160 (1924) (creditor's levy on furniture purchased with award upheld over debtor's claim of exemption); *Ball v. Smiddy*, 249 S.W.2d 715 (Ky.Ct.App.1952) (purchase of one-third interest in real property terminated the exemption to the extent it exceeded homestead exemption).

exempt. The language of the statute had been amended from "moneys paid or payable ... shall be exempt" to "moneys ... shall be exempt ... prior to their receipt." *McCabe*, 568 P.2d at 662. By deleting "paid" and adding "prior to receipt," the state legislature, according to the court, clearly intended no exemption of funds in the hands of the debtor.[2] The court stated that its decision would nonetheless allow the debtor to "control the immediate disposition of the money ... [and would protect] employers, insurers, and the State Accident Insurance Fund from ... garnishments of creditors." 568 P.2d at 662.

The *McCabe* opinion, decided September 13, 1977, concludes with a not uncommon admonishment: "those cases [allowing the exemption in deposited funds] make appealing policy arguments.... However, ... the appeal must be made to the legislature." 568 P.2d at 662–63. Apparently, someone had already made the appeal; on July 22, 1977, the governor had approved what is now Or.Rev.Stat. 23.166 (1953). *See* 1977 Or.Laws Ch. 623. The relevant language provides:

> (1) All funds exempt from execution and other process under ORS ... 656.234 ... shall remain exempt when deposited in a bank account of a judgment debtor as long as the exempt funds are identifiable.
> (2) The provisions of subsection (1) ... shall not apply to any accumulation of funds greater than $5000.

The Oregon legislature has thus spoken clearly on the question, allowing a limited exemption after receipt by the worker. New Mexico's statute obviously lacks this clarity.

*McCabe* appears to be the only recent case where narrow construction of an ambiguous statute defeated the exemption. In early 1986, an Ohio appellate court de-

nied the exemption of deposited compensation funds, but the statute there was unequivocal. In *Ohio Bell Telephone Co. v. Antonelli*, No. CA–6763, slip op. (Ohio Ct. App. April 14, 1986) [Available on WEST-LAW, OH–CS database], the court construed the language, "compensation before payment shall be exempt from all claims," Ohio Rev.Code Ann. § 4123.67, and upheld a creditor's attachment of compensation funds after receipt by the debtor.

In *Merchants Bank v. Weaver*, 213 N.C. 767, 197 S.E. 551 (1938), the court held the award was not exempt once the funds were deposited in a bank. The deposit account was equated to the purchase of securities or buildings. "The defendant has parted with the money and now owns a credit account," 197 S.E. at 552, according to the court. Such reasoning is generally rejected in other opinions. As early as 1945 the supreme court of West Virginia, while acknowledging the technical correctness of the quoted language, stated, "But we cannot disregard the facts of modern business practice.... [The money] was a credit to his benefit when held by the state; ... when he received a check; ... and when left on deposit.... It must be regarded as 'compensation' until its character has changed." *Billingslea v. Tartell*, 127 W.Va. 750, 35 S.E.2d 89, 94 (1945). The pledged account in *Salazar, supra*, constituted such a change in character.

Other older cases rejecting the exemption resort to reasoning similar to that in *Weaver*. In *Wartella v. Osick*, 108 Pa.Super. 589, 165 A. 660 (1933), the court interpreted the language, "Claims for payments due ... shall not be assignable, and ... shall be exempt." The exemption terminated upon receipt by the worker; to rule otherwise would cause a result unintended by the legislature. The court found no conflict in cases with contrary results, citing *Surace* and *Gaddy*. Those cases were

---

**2.** The court also quoted the present language of the statute without commenting that it had been amended again since 1933. The controlling language at the time of *McCabe* read, in relevant part, "No moneys payable ... are subject to assignment ... prior to their receipt.... All such moneys and the right to receive them are

exempt." Or.Rev.Stat. § 656.234. In other words, the court noted that the word "paid" was deleted from the second sentence of the statute in 1933, but failed to point out that the phrase "prior to receipt" was also deleted from the same sentence in a later amendment.

based on statutes "manifestly different, as they provide that 'compensation,' as distinguished from ... 'payments due,' is exempt." 165 A. at 661. The *Wartella* opinion ignores the fact that Justice Cardozo discoursed at some length on the word "due" in *Surace*, 161 N.E. at 316.

Most of the cases which allow the exemption require tracing of the funds as a condition to allowing the exemption. It is also noteworthy that none of the statutes construed in these cases contains provisions for tracing. The Uniform Exemptions Act, 13 U.L.A. 207 (1986), provides an exemption for worker compensation "benefits paid or payable," § 6(a)(1), and extends the exemption to "any other form into which it is traceable, for example, in a bank or savings account," § 9(b). The Comment to § 9 echoes the language of many of the cases: "to limit the protection ... to the proceeds in their original form would ... defeat the purpose of the exemption statute." The Bankruptcy Code is equally clear; it exempts "[t]he debtor's right to receive, or property that is traceable to ... a payment in compensation of loss of future earnings." 11 U.S.C. § 522(d)(11)(E) (1982). New Mexico's statute contains no tracing provision.

We note that allowing the exemption of worker compensation after payment should not create the type of problem presented in *Albuquerque National Bank v. Zouhar* (*In Re Zouhar*), 10 B.R. 154 (Bankr.D.N. M.1981). There the debtor had converted large amounts of non-exempt property into exempt assets just before filing his petition, in violation of § 14(c)(4) of the Act, now § 727(a)(2) of the Code. Such obviously discriminatory treatment of creditors— "a wholesale sheltering of assets," 10 B.R. at 157—did not defeat the exemption under state law, but the debtor was denied discharge. A lump sum award, on the other hand, is limited by the procedures of the New Mexico statutes and court approval, and thus any subsequent acquisitions would be limited to the amount of the award. The provisions of § 727(a)(2) would only be implicated if the debtor transmuted additional non-exempt assets.

We hold, therefore, that the debtor validly claimed as exempt the proceeds of his workmen's compensation settlement. We overrule the trustee's objection thereto and dismiss the adversary proceeding for turnover. We do so reluctantly because the plain language of the statute does not compel the result. As is obvious in the language of the Uniform Exemptions Act, the Bankruptcy Code and the Oregon statute, a clear exemption statute is not beyond the reach of competent draftsmen. We urge the New Mexico legislature to determine its intention in these matters and to express the policy with clarity. We do not doubt Justice Cardozo's wisdom; the New Mexico statute simply fails to inform us whether that wisdom applies to New Mexico workers.