**BRUCE, Plaintiff-Appellee, v. BRUCE, Defendant-Appellee, and THE INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5114. Decided February 15, 1955.

John D. Phillips, Columbus, for plaintiff-appellee.
Gale R. King, Columbus, for defendant-appellee.
Hon. C. William O'Neill, Attorney General, Paul Tague, Jr., and Blanche E. Krupansky, Assistant Attorneys General, Columbus, for defendant-appellant.

## OPINION

**By THE COURT.**

This is an appeal on questions of law from an order of the Common Pleas Court, Division of Domestic Relations, of Franklin County, Ohio.

The plaintiff sued the defendant, Margurite Bruce, for divorce. She cross-petitioned and was awarded a decree together with permanent alimony in the sum of $15.00 per week. She had theretofore been granted temporary alimony which at the time of the entering of the decree had accumulated to the sum of $415.00. At the time that this action was instituted, the cross-petitioner's husband was in arrears having paid nothing on the alimony orders and had been adjudged to be in contempt. Thereafter, Mrs. Bruce filed a motion consisting of three branches to make the Industrial Commission of Ohio a party defendant, to order the Commission to withhold one-half the moneys due from the Commission to the plaintiff, Albert J. Bruce, and to order the Commission to

pay the money so held to the Cashier's Office of the Domestic Relations Court of Franklin County, Ohio. This motion was supported by an affidavit. Pursuant to the motion the Court made the order that,

The defendant, the Industrial Commission of Ohio, be made a party defendant, withhold one-half of the plaintiff's weekly check and pay the same to the Cashier's Office of this Court until further order of the Court.

The Commission was served with a copy of this order, but was not served with process. Thereafter, the Commission moved to vacate the foregoing entry which motion was overruled and on motion to reconsider the Court made a like order.

Four errors are assigned:

(1) The Court had no jurisdiction over the person of the Industrial Commission of Ohio.

(2) The Court could not make the Industrial Commission of Ohio a party defendant by its order of October 30, 1953.

(3) The court had no jurisdiction to order the Industrial Commission to withhold money due the husband, since the Commission had never received service of process or waived the same.

(4) The decision of the Court is contrary to the Workmen's Compensation Law and specifically §4123.67 R. C. (§1465-88 GC).

Without comment, we hold against the first and second assignments of error. However, in doing so, we do not want to be understood as saying that the Industrial Commission was properly before the Court as a party defendant.

Upon the third error assigned, without extended citation of authority, we quote briefly from 30 O. Jur. 791 and 792 which, in our judgment, properly states the law controlling:

"In any case where a new party is to be brought in, process should issue against him, requiring him to answer.

When those who have sufficient interest in the result are once brought in as new parties to a suit, the act of the court is not to be regarded as a matter of form only. If they have rights, their status as parties entitles them to set up those rights by cross-petition, answer, or other pleadings. They thus become litigants in the cause, and are to be treated accordingly."

It will be noted that the defendant Commission was ordered to pay money into Court representative of one-half of regular payments awarded to plaintiff by the Commission If the Commission was a proper party defendant, obviously there was a substantial question as to the right of the Court to require it to pay into Court any part of the award theretofore made to plaintiff and it was its obligation to set up any legal defense to such an order by answer. Had the Commission complied with the order, not having been served with process and not availing itself of the right of answer and thereafter it was found that it had illegally paid said sum into Court, it might again be required to pay that amount.

The third assignment of error is well made because without respect to the authority of the Court to make the order had the Commission been

properly brought into Court, it was not before the Court in such status that an order could be made against it.

The most substantial question is raised by the fourth assignment of error.

Appellee contends that by the express language of §4123.67 R. C., the wife of plaintiff is a dependent and is included in the class to whom payment may be made from compensation theretofore awarded to an injured employee. This position is strengthened by the citations of Waldron v. Waldron, No. 67094, Franklin County Domestic Relations Division, an unreported case which we do not have before us. Chapman v. Chapman, 29 N. E. 273, attached to appellee's brief, Oden v. Oden, an opinion on an appeal from Superior Court, Pima County, Arizona, and Hilmantel v. Hilmantel, 282 N. Y. 918, which opinion is also attached to appellee's brief. We have also been favored with the written opinion of the Judge of the Domestic Relations Branch of the Common Pleas Court, wherein he adopts the theory urged by appellee.

Sec. 4123.67 R. C., formerly §1465-88 GC, was created at the same time as the body of statutes in the Workmen's Compensation Act. 103 O. L. 72. It must be assumed that the use of the words "employees and dependents", unless there is something to differentiate them, has the same meaning as where used in other sections of the Act. **Rhodes v. Weldy, 46 Oh St 234; Schuholz v. Walker, 111 Oh St 308.**

The Industrial Commission is a creature of statute under Constitutional authorization and its power and the extent thereof, are defined by statute. Several provisions of the Code are applicable to the jurisdiction of the Commission to make disbursements from the State Insurance Fund, the beneficiaries to whom awards may be made and the limitations on the authority of the Commission to expend the funds.

Let us look at some of these sections of the Code. **Sec. 4123.46 R. C.** controls the disbursement of the Insurance Fund.

"The Industrial Commission shall disburse the State Insurance Fund to **employees** of employer who has paid into said fund the premiums applicable to the classes to which they belong when such employees have been injured in the course of their employment, * * *, or to the **dependents of such employees in case death has ensued.**"

Sec. 4123.51 R. C. defining jurisdiction of the Commission and making provision for rehearing and right of appeal:

"The Industrial Commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon are final, except as provided in this section. * * * In all claims for **compensation on account of injury,** or **death resulting therefrom,** if the Commission denies the right of the claimant to receive compensation, or to continue to receive compensation, the order of the Commission shall state the grounds on which the claim was denied."

And §4123.68 R. C. Schedule of compensable occupational diseases, etc.:

"Every **employee who is disabled** because of the contraction of an occupational disease as provided in this section, or **the dependent of an employee whose death is caused by an occupational disease** as provided in this section, is entitled to the compensation provided, * * *" etc.

(All emphasis ours)

It seems clear from the foregoing quoted parts of the applicable sections of the Code that there are but two classes known to the Act to which payments may be made from the Insurance Fund, namely, injured employees or their dependents if the employees die as the result of the injury by reason of which compensation or benefits are awarded. Dependents, as such, are not known as claimants or may not be awarded or receive any portion of the Insurance Fund unless and until the employee from whom they claim has died.

See also, §4123.59 R. C. and §4123.60 R. C.

Sec. 4123.67 R. C. which controls the right to make the order which is considered on this appeal provides:

"Compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, **and shall be paid only to the employees or their dependents.**"

(Emphasis ours.)

It is our judgment that the terms "employees or their dependents" are used in the same sense and with the same meaning as in the sections from which we have quoted. "Dependents" is limited to the concept of the word as defined in the Workmen's Compensation Act, and does not include those who in law might be classified as dependents of a living employee to whom an award has been made by the Industrial Commission. Dependents of an employee in life may be other than those who would be so classified upon his death. Those in this latter class are the only dependents to whom the Commission may make payment either upon an original award (§§4123.46, 4123.51 R. C.) or upon the death of an employee to whom an award has been made. Sec. 4123.59 R. C.

This Court stated in the fifth headnote of **Pellegrino v. Pellegrino, 7 O. O. 107,** that,

"The trial court has no jurisdiction to make any order for payment of alimony effective against the Industrial Commission."

This pronouncement was necessary in the case because of our statutory obligation to pass upon all errors assigned. In our judgment the same thing has been said by the Supreme Court in the third paragraph of the syllabus of **State, ex Caddis v. Industrial Commission, 133 Oh St 553:**

"Under the Constitution and laws enacted pursuant thereto, compensation is payable to two classes: To the living employee or to his dependents after death. * * *"

Approving and following **Bozzelli v. Industrial Commission, 122 Oh St 201.**

We are also cited to **Chapman v. Chapman, et al., 29 O. O. 273.** The rationale of this opinion is that dependents, as carried in §1465-88 GC, meant dependents at law and was not restricted to dependents to whom an award could be made by the Commission. To arrive at the conclusion reached it is necessary to read §1465-88 GC apart from the other provisions of the Workmen's Compensation Act.

We also have examined the cited case of Oden v. Oden from Arizona. This is a strong opinion, but an examination of the Workmen's Compensation Act of Arizona discloses that there is a difference in the con-

trolling section there and in Ohio. Section 1442 Arizona Workmen's Compensation Act provides:

"Compensation whether determined or not, shall not prior to the delivery of the warrant therefor, be assignable; it shall be exempt from attachment, garnishment and execution and shall not pass to another person by operation of law; * * *."

The provision against payment prior to the delivery of the warrant has application only to claims for compensation awarded that are assigned and is not as broad as our statute which is that compensation shall be paid only to the employees or their dependents. The New York case, Hilmantel v. Hilmantel, cites Section 33 of the Workmen's Compensation Law of New York which reads identically as ours. This opinion is in direct conflict with the conclusion which we reach in this case.

We recognize the strength of the claim of the appellee here. She is entitled not only to sympathy but that the order here appealed from be supported if upon any possible interpretation of the Act, it can be done. We regret that we cannot interpret the Act in her favor. If she and others in like situation are to be protected, in our opinion, it can be done only by an amendment to the Workmen's Compensation Act.

The judgment will be reversed and judgment entered for appellant, the Industrial Commission of Ohio, and the cause remanded.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.