KILGORE, APPELLANT, *v.* KILGORE
ET AL., APPELLEES.

(No. C-811013—Decided October
20, 1982.)

*Messrs. Bolsinger & Keller* and *Mr. Don C. Bolsinger,* for appellant Linda Kilgore.

*Mr. Albert W. Schirmer,* for appellee Larry P. Kilgore.

*Mr. John J. McCoy,* for appellee Continental Group, Inc.

PALMER, J. This cause came to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

This action began with plaintiff-appellant's motion, filed in February 1981, to find defendant-appellee in contempt of court for being in arrears in his child support payments ordered in a 1977 divorce decree. Pursuant to a series of hearings by referees of the Division of Domestic Relations, the court found appellee in arrears, first in the amount of $11,980, and then $12,040, and also found him in contempt of court. Subsequently, the court made Continental Group, Inc., a party to this action pursuant to a motion by appellant. In an amended entry of June 26, 1981, the court further ordered workers' compensation benefits to which the appellee was entitled from Continental Group, Inc. on a workers' compensation claim, to be paid to the Hamilton County Bureau of Support to apply on the existing arrearage.

Appellee then filed objection to this amended entry on July 9, 1981, and a hearing on those objections was held on July 30, 1981. In an order entered of record November 19, 1981, the court reversed its earlier order and held that appellee's compensation benefits due or to become due in the future from Continental Group, Inc. were not subject to attachment. Appellant filed a timely notice of appeal on December 15, 1981, presenting two assignments of error for review.

In her first assignment of error, appellant contends that the trial court erred to her prejudice in allowing the appellee to present his objections to the amended report of the referee. Appellant asserts, in her first argument in support of this thesis, that one who stands in open contempt of a trial court's orders may not seek protection in the procedures of that court. We disagree. A party may not be so summarily stripped of his right to have a trial court review fundamental issues as were here reflected in the recommendations of the referee of that court. The fact that appellee is a contemnor, or so presumed, may not deprive him of his right to raise a basic jurisdictional point. See 17 Corpus Juris Secundum, Contempt, Section 97 (1963).

Appellant's next argument, asserting that the court further erred in hearing said objections because they did not conform with Civ. R. 53(E)(2), is likewise not well taken. Appellant argues that appellee's objections were not specific and did not state with particularity the grounds for objection as required by Civ. R. 53(E)(2), citing *Fox* v. *Fox* (Oct. 1, 1980), Hamilton App. No. C-790516, unreported, for the proposition that vague and general statements of intention are an ineffective objection to a referee's report and contravene Civ. R. 53(E)(2). However, in *Fox* v. *Fox, supra,* the appellant did not even minimally comply with the procedure set out in Civ. R. 53(E)(2) for raising an objection to a referee's report, but instead in-

explicably elected to file what he called a "Notice of Appeal" that he intended to appeal the referee's ruling to the court. The objections filed by appellee here did, at a minimum, set out in form an objection to the amended report of the referee. Even more to the point, in a memorandum filed with the permission of the court, the appellee set forth with adequate particularity the specific grounds for his objections. By thus expounding on the objections he filed, appellee answered the fundamental concern of the court in *Fox.*

The decision to grant both parties the opportunity to file memoranda explicatory of the objections before reviewing the amended report of the referee, as well as the decision not to strike the objections to the amended report, was not arbitrary or unconscionable, and therefore was within the discretion of the trial court. See *Steiner* v. *Custer* (1940), 137 Ohio St. 448 [19 O.O. 148]. We conclude that the trial court's decision to consider appellee's objections as filed did not constitute reversible error. The first assignment of error is accordingly overruled.

In her second assignment of error, appellant contends that the trial court committed prejudicial error in its order finding that workers' compensation benefits could not be attached for the purpose of paying child support. Specifically, appellant asserts that R.C. 4123.67, which sets out the exemptions from attachment, may not be read to preclude court-ordered payment of such proceeds to children of living employees. That section reads, in part:

"Compensation before payment shall be exempt from all claims of creditors and from any attachment on execution, and shall be paid only to the employees or their dependents. * * *"

R.C. 4123.67 was interpreted in *Bruce* v. *Bruce* (1955), 100 Ohio App. 121 [60 O.O. 100], a case involving the attachment of unpaid compensation payments as satisfaction for unpaid alimony. Addressing the meaning of the word "dependents," the court stated that unless something is done to differentiate them, use of the words "employees and dependents" has the same meaning as where used in other sections of the Act. *Id.* at 124.

Looking to other sections of R.C. Chapter 4123, the court then recognized but two classes known to the Act to which payments may be made from the Insurance Fund, namely, injured employees or their dependents if the employees die as the result of injury by reason of which compensation or benefits are awarded. Dependents, as such, are not known as claimants or may not be awarded or receive any portion of the Insurance Fund unless and until the employee from whom they claim has died.

In *Bruce,* it was the court's judgment that the terms "employees or their dependents" were to be used in the same sense, with the same meaning, as other sections of the Act it had examined. See R.C. 4123.46, 4123.51, 4123.68, 4123.59 and 4123.60. Thus, stated the court:

"* * * 'Dependents' is limited to the concept of the word as defined in the Workmen's Compensation Act, and does not include those who in law might be classified as dependents of a living employee to whom an award has been made by the Industrial Commission. Dependents of an employee in life may be other than those who would be so classified upon his death. Those in this latter class are the only dependents to whom the commission may make payment either upon an original award (Sections 4123.46 and 4123.51, Revised Code) or upon the death of an employee to whom an award has been made. Section 4123.59, Revised Code." *Id.* at 125.

When the statutory interpretation of R.C. 4123.67 in *Bruce* is read together with *Pellegrino* v. *Pellegrino* (App. 1936), 7 O.O. 107, 110, which stated that "[t]he

trial court has no jurisdiction to make any order for payment of alimony effective against the Industrial Commission," and its antecedent Ohio Supreme Court case, *State, ex rel. Gaddis,* v. *Indus. Comm.* (1938), 133 Ohio St. 553 [11 O.O. 266], paragraph three of the syllabus, which said that "[u]nder the Constitution and laws enacted pursuant thereto, compensation is payable to two classes: To the living employee or his dependents after death * * *" it is clear that R.C. 4123.67 forbids the kind of attachment sought by appellant. Specifically these cases compel us to find that under R.C. 4123.67, workers' compensation benefits held by Continental Group, Inc. for Larry Kilgore may not be attached for the purpose of paying child support.

Like our brethren in *Bruce* v. *Bruce, supra,* we derive little satisfaction in the foregoing exercise of our judicial duties. We are entirely cognizant of the superior claims of the children to sympathetic treatment at the hands of the state, and can find little or nothing to commend in the attitude of the father displayed in this case. We are, nevertheless, bound by the legislative policy expressed in R.C. 4123.67, and are powerless to alter it. The second assignment of error is accordingly overruled.

The judgment is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and BLACK, J., concur.