INDUSTRIAL COMMISSION OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.* SHERRY ET AL., APPELLEES; GENERAL MOTORS CORPORATION, APPELLEE AND CROSS-APPELLANT.

(No. 11-83-5 — Decided August 1, 1984.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Robert J. Kent,* for appellant Indus. Comm.

*Bugbee & Conkle* and *Warren D. Wolfe,* for appellee General Motors Corp.

MILLER, J. This is an appeal from a judgment of the Court of Common Pleas of Paulding County entered on a complaint filed by the Industrial Commission of Ohio ("commission") seeking a declaratory judgment.

The complaint alleged that Michael D. Moser was an employee of Central Foundry Division, General Motors Corporation, a self-insured employer in the Ohio Workers' Compensation system; that Michael D. Moser and Raye L. (Moser) Sherry were granted a dissolution of their marriage wherein the Court

of Common Pleas of Paulding County ordered the employer to withhold child support from the "earnings (including any benefits by reason of unemployment)" of Michael D. Moser the sum of $25.50 per week; that Michael D. Moser was injured in the course of his employment and that his claim to participate in the workers' compensation fund was allowed; that to date of the complaint Michael D. Moser had received from Central Foundry Division, General Motors Corporation, wages and sick leave benefits from which the $25.50 weekly amount had been withheld; that said Michael D. Moser would be hospitalized for testing and his only payment from General Motors, would be benefits for temporary total disability from workers' compensation.

Plaintiff Industrial Commission demanded judgment declaring that:

"1. A court order or entry directing an employer to withold [sic] money from workers' compensation benefits for the purpose of alimony and/or child support [is in violation] of Section 4123.67 of the Ohio Revised Code.

"2. That the entry of this Court, in Case No. CI 80 088, dated October 8, 1980 does not contemplate workers' compensation payments being included in its definition of 'earnings and/or benefits.'

"3. For all other equitable and supplemental relief as the Court may deem appropriate under the circumstances."

Defendant General Motors answered, asserting that it is a self-insured employer, subject to the rules and regulations of the Ohio Industrial Commission, and praying for an order determining whether it should withhold money from any workers' compensation benefits payable to Moser for the purpose of alimony or child support.

Plaintiff Industrial Commission and defendant General Motors filed memoranda. However, defendants Michael D. Moser and Raye L. (Moser) Sherry did not answer or otherwise plead.

The trial court in its written opinion filed with the original papers herein set forth its findings of fact and conclusions of law.

The judgment entry of the trial court ordered that:

"Defendant's employer Central Foundry Division of General Motors Corporation, State Route #281 East, Defiance, OH 43512 shall continue to enforce the order of this court made October 8, 1980 in Cause #CI-80-088 as above mentioned in respect to benefits paid by said employer as a self-insured employer under the Workers' Compensation Act to said responsible father; * * *."

Both the commission and General Motors filed notices of appeal.

The commission sets forth one assignment of error as follows:

"The trial court erred in declaring that the phrase 'earnings and/or benefits' in its previous support order included workers' compensation payments and that these support payments could be lawfully withheld from the workers' compensation benefits."

General Motors also sets forth one assignment of error:

"The trial court erred in distinguishing self-insured employers from state-fund employers in its interpretation of § 4123.67 of the Ohio Revised Code."

R.C. 4123.35 provides for payments to the state insurance fund, but excludes self-insured employers by further providing that:

"* * * [S]uch employers and publicly owned utilities who will abide by the rules of the commission and who may be of sufficient financial ability to render certain the payment of compensation to injured employees or the dependents of killed employees, and the furnishing of medical, surgical, nursing, and hospital attention and services and medicines,

and funeral expenses, equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code, and who do not desire to insure the payment thereof or indemnify themselves against loss sustained by the direct payment thereof, may upon a finding of such facts by the commission, be granted the privilege to pay individually such compensation, and furnish such medical, surgical, nursing, and hospital services and attention and funeral expenses directly to such injured employees or the dependents of such killed employees. * * *."

R.C. 4123.54 provides as pertinent that:

"Every employee, who is injured or who contracts an occupational disease, and the dependents of each employee who is killed, or dies as the result of.an occupational disease contracted in the course of employment, wherever such injury has occurred or occupational disease has been contracted, provided the same were not purposely self-inflicted, is entitled to receive, either directly from his employer as provided in section 4123.35 of the Revised Code, or from the state insurance fund, such compensation for loss sustained on account of such injury, occupational disease or death, and such medical, nurse, and hospital services and medicines, and such amount of funeral expenses in case of death, as are provided by sections 4123.01 to 4123.94 of the Revised Code."

The above-referred sections of the Revised Code indicate that employees who qualify for compensation or their dependents in case of death shall receive compensation determined pursuant to R.C. Chapter 4123 either from the state insurance fund or directly from their self-insured employer. No distinction is made as to the compensation from either source, other than as to who pays the compensation.

We thus conclude that the provisions of R.C. Chapter 4123 apply equally to compensation paid from the state insurance fund or directly by the self-insured employer.

R.C. 4123.67 provides that:

"Compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to the employees or their dependents. * * *"

The court in *Kilgore* v. *Kilgore* (1982), 5 Ohio App. 3d 137, 138-139, ably analyzed the cases interpreting the above-referred section of the code and concluded as follows:

"R.C. 4123.67 was interpreted in *Bruce* v. *Bruce* (1955), 100 Ohio App. 121 [60 O.O. 100], a case involving the attachment of unpaid compensation payments as satisfaction for unpaid alimony. Addressing the meaning of the word 'dependents,' the court stated that unless something is done to differentiate them, use of the words 'employees and dependents' has the same meaning as where used in other sections of the Act. *Id.* at 124.

"Looking to other sections of R.C. Chapter 4123, the court then recognized but two classes known to the Act to which payments may be made from the Insurance Fund, namely, injured employees or their dependents if the employees die as the result of injury by reason of which compensation or benefits are awarded. Dependents, as such, are not known as claimants or may not be awarded or receive any portion of the Insurance Fund unless and until the employee from whom they claim has died.

"In *Bruce*, it was the court's judgment that the terms 'employees or their dependents' were to be used in the same sense, with the same meaning, as other sections of the Act it had examined. See R.C. 4123.46, 4123.51, 4123.68, 4123.59 and 4123.60. Thus, stated the court:

" '* * *"Dependents" is limited to

the concept of the word as defined in the Workmen's Compensation Act, and does not include those who in law might be classified as dependents of a living employee to whom an award has been made by the Industrial Commission. Dependents of an employee in life may be other than those who would be so classified upon his death. Those in this latter class are the only dependents to whom the commission may make payment either upon an original award (Sections 4123.46 and 4123.51, Revised Code) or upon the death of an employee to whom an award has been made. Section 4123.59, Revised Code.' *Id.* at 125.

"When the statutory interpretation of R.C. 4123.67 in *Bruce* is read together with *Pellegrino* v. *Pellegrino* (App. 1936), 7 O.O. 107, 110, which stated that '[t]he trial court has no jurisdiction to make any order for payment of alimony effective against the Industrial Commission,' and its antecedent Ohio Supreme Court case, *State, ex rel. Gaddis,* v. *Indus. Comm.* (1938), 133 Ohio St. 553 [11 O.O. 266], paragraph three of the syllabus, which said that '[u]nder the Constitution and laws enacted pursuant thereto, compensation is payable to two classes: To the living employee or his dependents after death * * *' it is clear that R.C. 4123.67 forbids the kind of attachment sought by appellant. Specifically these cases compel us to find that under R.C. 4123.67, workers' compensation benefits held by Continental Group, Inc. for Larry Kilgore may not be attached for the purpose of paying child support."

It thus appears clear that workers' compensation benefits may not be attached for the purpose of paying child support. However, the trial court determined that R.C. 3113.21, read *in pari materia* with the pertinent sections of R.C. Chapter 4123, dictates that workers' compensation benefits are subject to being withheld by the employer pursuant to court order for child support.

R.C. 3113.21 provides as pertinent:

"(A) In any action where support is ordered under Chapter 3115. or under section 2151.23, 2151.36, 2151.49, 3105.18, 3105.21, 3109.05, 3111.13, 3113.04, or 3113.07 of the Revised Code and where it appears to the court making the order that the person ordered to pay the support has failed to make payments in accordance with the order, the court, on its own motion or that of an interested party, after notice to the employer of the person ordered to pay support and on the person ordered to pay the support, may order the employer to withhold from the personal earnings of the person, notwithstanding the limitations of sections 2329.66, 2329.70, 2716.02, and 2716.05 of the Revised Code, the amount ordered for support plus poundage and to continue the withholding each pay period until further order of the court."

We construe workers' compensation benefits to be in the nature of compensation for injury or disease, while personal earnings are in the nature of compensation for services rendered, and thus distinguishable, and that workers' compensation benefits are not included within personal earnings as set forth in R.C. 3113.21.

We must, therefore, reverse the trial court's judgment and enter judgment declaring that workers' compensation benefits may not be withheld pursuant to court order pursuant to R.C. 3113.21.

*Judgment accordingly.*

GUERNSEY and COLE, JJ., concur.